HENRY MILLER, APPELLEE, v. MORRIS & COMPANY, APPELLANT.

FILED APRIL 14, 1917. No. 19880.

Appeal: CONFLICTING EVIDENCE. Under the employers' liability act (Laws 1913, ch. 198), where the case is heard in court before a judge of the district court upon conflicting evidence, and where there is competent evidence sufficient to sustain the finding, the judgment rendered by the district court will not be set aside on appeal unless it is clearly wrong.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*James C. Kinsler,* for appellant.

*Stout, Rose & Wells, contra.*

HAMER, J.

The plaintiff and appellee brought this action in the district court for Douglas county under the employers' liability act (Laws 1913, ch. 198) to recover compensation from the defendant and appellant for the alleged total loss of the use of his left arm in an accident arising out of the course of his employment. It seems to be conceded by the defendant that the accident happened at the time and place and in the manner alleged by the plaintiff, but the defendant denied that the plaintiff had lost the use of his

left arm as alleged by him, and further denied that he had been disabled more than a few weeks. It is shown that at the time of the injury the plaintiff was working for the defendant, and that the defendant was operating under the said statute, and it seems to be admitted that the rights of the parties are to be determined under and by virtue of such statute. The plaintiff's injury was sustained in the course of his employment and he is damaged. The average weekly wage earned by the plaintiff during his employment by the defendant was $13.52, and the plaintiff claims that the rate of compensation to which he is entitled is $6.76 a week for 215 weeks. It is admitted that plaintiff received a cut across his left wrist April 19, 1916, which severed the tendons connecting the muscles of his forearm with the four fingers of his left hand, and also severed the ulnar nerve and partially severed the median nerve. The plaintiff claimed that he had permanently lost the use of his left arm and hand. The defendant claimed that some infection developed which resulted in adhesions forming between the injured tendons and the sheaths by which they are covered. There was a contention on the part of the defendant to the effect that there had been no injury to the plaintiff's left thumb, and that, while the tendons in the wrist had been cut and the fingers had become stiff, yet since the 15th of June, 1916, the plaintiff's hand had been in good condition, and that he will regain the use of his second, third and little fingers of the left hand, and that the first finger had so improved by June 15, 1916, that he had been able to use it in connection with the thumb on his left hand; and that as his hand now is he can make use of it in performing his work in the hog gang of the defendant; that he could have returned to his work in the hog gang at least a month before the trial, but did not do so; that he was a butcher in the packing trade, but could do almost anything in the cutting and dressing of hogs; that until the day he was injured he shaved them sometimes, and that he gutted hogs sometimes; that he would also sometimes cut the heads off hogs, and at other times he would trim

shoulders and bacon; that after the hogs are killed they are carried along on an endless chain, and the butcher can steady the hog with his left hand and take his knife in his right hand and reach up and start through and open the hog up all the way down to the neck. The defendant contends that, notwithstanding the condition of the plaintiff's stiff fingers, he could still work in the hog gang and use his left hand to steady the hog while he held the knife in his right hand and did the cutting with it, or, if he was shaving hogs, that he could take hold of the hog with his left hand as it came along and turn it around while he shaved it with his right hand; and in sticking hogs it is claimed that all he would have to do as the hog came along on the chain was to put his left hand on the hog to steady it, while he used his knife in his right hand to do the sticking. One of the witnesses testified that the hogs came along at about the rate of seven a minute, and sometimes it only took a slight pressure to turn the hog around, and at other times "they turned mighty hard." It is claimed that the plaintiff's left hand and arm are strong enough to do this kind of work in which he was engaged at the time he was injured. It is also claimed that the defendant's foreman tried to get the plaintiff to go back to work, and that the defendant was then, and still is, ready to give him work.

The defendant seriously objects to the judgment of the district court, and seems to be in earnest that the plaintiff should receive nothing, or at least very little.

There appears to be no dispute that there was a deep cut in the wrist which severed the tendons connecting the muscles of the forearm with all four of the fingers of the left hand, and which also severed the ulnar nerve and partly severed the median nerve; and there was also an infection which prevented the healing; and there is evidence that at the time of the trial, four months after the accident, the lower part of the left hand was without a sense of feeling, and also the last two fingers of that hand, and that a needle could be stuck in that part of the hand without being felt; and there was also only a partial sense

of feeling in the middle finger of that hand; also that the forefinger of the left hand was so stiff that it could not be brought in contact with the thumb, and that the thumb could not be laid over so as to touch the palm of that hand. In any event the hand was badly crippled. Dr. Betz testified he did not expect the plaintiff to be able to use his hand for any ordinary purpose of manual labor.

There are perhaps some minor questions which we do not deem it necessary to discuss.

Subdivision 3, sec. 3662, Rev. St. 1913, provides: "For all disability resulting from permanent injury of the following classes, the compensation shall be exclusively as follows: For the loss of a hand, fifty per centum of the wages during 175 weeks; for the loss of an arm, fifty per centum of wages during 215 weeks."

In this case the hand was injured, and also the arm was injured, and the trial court had before it the consideration under the facts of both these subdivisions.

It should be remembered that the judge who heard this case saw the witnesses and heard them testify. He had a better opportunity to determine the facts than we have. He also must have seen the injured wrist and the stiffened fingers and perhaps the arm, and he could therefore tell whether they corroborated the testimony of the witnesses. The district court found that the plaintiff had permanently lost the use of his left hand, and allowed him compensation for 175 weeks. Of course, it might be contended with some show of right that something of the hand is yet left, and that it may still be useful to the plaintiff; but, if he did not lose all of his hand, he probably did lose the use of his arm to some extent, because the deep cut severed the tendons in the wrist and severed the ulnar nerve, and partly severed the median nerve. His wrist and arm will probably never be as good as they were before the injury.

The judgment contains an elaborate finding, and closes with: "It is therefore considered, ordered, and adjudged by the court that the plaintiff have and recover of the defendant, Morris & Company, judgment in the sum of

$143.96, with 7 per cent. interest from this date, and that execution issue therefor; that the defendant pay the plaintiff further compensation weekly at the rate of $6.76 per week, beginning with the date of this judgment and ending at the end of a period of 175 weeks after the 19th day of April, 1916, and that the costs of this proceeding be taxed to the defendant." The judgment is dated on the 24th of August, 1916.

This case was tried before a judge of the district court and without a jury. In *National Bank of Ashland v. Cooper,* 86 Neb. 792, it is said in the body of the opinion: "The rule is settled beyond question, in this jurisdiction, that when an action at law is tried without the intervention of a jury the findings of the trial court are entitled to the same consideration by the appellate court as is the verdict of a jury." *Evans v. De Roe,* 15 Neb. 630. It is also well settled that a verdict based on conflicting evidence will not be set aside unless it is clearly wrong. *Woods v. Hart,* 50 Neb. 497. In *Hare v. Winterer,* 64 Neb. 551, it is held, as stated in the syllabus: "The finding of a trial court upon an issue of fact is conclusive in this court, unless clearly wrong."

The case was heard in the district court upon conflicting evidence, and it appears to have been competent and quite sufficient to sustain the finding and judgment of the district court. We do not feel at liberty to set aside the judgment, and cannot do so under the rule established, unless it is clearly wrong.

The judgment of the district court is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.