SAMUEL G. ANDERSON, APPELLANT, v. GEORGE KIENE ET AL.,
APPELLEES.

FILED OCTOBER 4, 1919.   No. 21062.

Appeal: CONFLICTING EVIDENCE. "Under the employers' liability act
(Laws 1913, ch. 198, as amended, Laws 1917, ch. 85), where the case
is heard in court before a judge of the district court upon conflict-
ing evidence, and where there is competent evidence sufficient to
sustain the finding, the judgment rendered by the district court
will not be set aside on appeal unless it is clearly wrong." *Miller
v. Morris & Co.*, 101 Neb. 169.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Affirmed.*

*Switzler, Goss & Switzler*, for appellant.

*James C. Kinsler, contra.*

DEAN, J.

Plaintiff filed an application in the compensation com-
missioner's office pursuant to the employers' liability
act, namely, chapter 35, art. VIII, Rev. St. 1913, as
amended, Laws 1917, ch. 85, to recover for personal in-
juries sustained while in defendant's employ. The
application was denied, and upon appeal to the district
court for Douglas county the finding of the compensation
commissioner was affirmed and the action dismissed.
Plaintiff appealed.

The only question involved is whether the judgment
is sustained by the evidence. The injury occurred on
July 24, 1918, that being the second day of plaintiff's
employment. He was then 18 years of age. His wage
was at the rate of 45 cents an hour for an 8-hour day.
Beginning immediately after the accident, and for a
period of 22 weeks, defendant paid plaintiff, as compen-
sation, $264, being $12 a week, and also all hospital and
medical services, which amounted to $198.50 additional.

At the time of the injury plaintiff was working on the upper part of a one-story brick building. His work consisted in taking the wheelbarrows, loaded with bricks and said to weigh about 30 pounds, from a hoist or elevator and wheeling them to the different parts of the building as needed by the workmen. Plaintiff testified that the scaffolding gave way just as he was about to remove a wheelbarrow, and that he fell with the elevator about 30 feet. Upon examination it was discovered that he received an injury to the "third lumbar vertebra." Plaintiff contends the injury is permanent.

To determine this point expert testimony was introduced by the parties. On the part of plaintiff a physican testified that his examination showed the spine to be normally flexible. He further testified: "Q. And this spine, then, is normally flexible now, or just as flexible as any spine would be that had never been injured? A. It seems to be." A doctor called by defendant on cross-examination testified: "Q. Did you find any evidence at the present time of any injury to his back? A. No. Q. And is it not a fact that you find him to be in perfect physical condition at the present time? A. As far as I could make out by my examination. * * * Q. So that, if the X-ray shows some injury at some time, it is true that he has recovered from that injury now? A. As far as I can determine by an examination." He also testified that he did not find any abnormal conditions. When the case was tried, plaintiff went through a course of bending exercises in the presence of the trial judge, so that the court seems to have been well advised. At the time of the trial plaintiff was employed by an outfitting company at Omaha as a bill collector, and his work required him to travel on the street cars from place to place about the city. For this work he was receiving $17 a week for a working day of 4 hours. It may be added that when plaintiff fell he sustained a fractured wrist, but in the oral argument and in the briefs his counsel says that, the wrist

having become normal, no claim was made for additional compensation on that account.

In view of the finding of the compensation commissioner and of the judgment of dismissal by the district court, and of the record generally, we do not think the case should be reversed. There is some conflict in the testimony as to his condition at the time of the trial, but there is sufficient to support the judgment. *Miller v. Morris & Co.*, 101 Neb. 169.

Finding no reversible error the judgment is

AFFIRMED.

ROSE, J., not sitting.