AMERICAN SMELTING & REFINING COMPANY, APPELLEE, v.
CATHERINE CASSIL, APPELLANT.

FILED JUNE 19, 1920. No. 21288.

**Master and Servant: WORKMEN'S COMPENSATION: REVIEW.** On appeal
from the district court to the supreme court in a workmen's com-
pensation case, findings of fact supported by sufficient evidence and
findings of fact on substantially conflicting evidence will not be
reversed unless clearly wrong.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE. *Affirmed.*

*William J. Hotz* and *George A. Lee,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

MORRISSEY, C. J.

Under the workmen's compensation act Catherine
Cassil, defendant, presented to the compensation com-
missioner, on account of the death of her husband, A.
C. Cassil, a claim against the American Smelting &
Refining Company, plaintiff, for $12 a week for 350
weeks and $100 for expenses of his last illness and
funeral. On the premises of plaintiff defendant's hus-
band was shot by Terrence Casey at night, January 27,
1919, and died the next morning. Plaintiff is engaged
in the smelting and the refining of ores in Omaha. At
the time of the shooting Cassil was assistant superin-
tendent of a department and Casey was head watchman
of that plant. Defendant contends that the death of
her husband was caused by an accident "arising out
of and in the course of his employment" within the
meaning of those words as used in the workmen's
compensation act. Rev. St. 1913, sec. 3642. It is con-
ceded by plaintiff that the homicide occurred in the
course of Cassil's employment, but it is insisted that
it did not arise out of such employment, being, from the
standpoint of plaintiff, solely the result of a quarrel

between Cassil and 'Casey over personal matters. The compensation commissioner allowed the claim of defendant, but deducted therefrom $1,690 which she had received as insurance carried by plaintiff on the life of her husband. From the award of the compensation commissioner plaintiff appealed to the district court for Douglas county. There the claim of defendant was disallowed. From a dismissal of the proceeding she has appealed to the supreme court.

The district court found that the death of Cassil arose out of a personal quarrel between him and Casey, and held that therefore defendant was not entitled to compensation. On review, what is the effect of this finding? The workmen's compensation act provides: "Any appeal from such judgment shall be prosecuted in accordance with the general laws of the state regulating appeals and actions at law except that such appeal shall be perfected within thirty days." Rev. St. 1913, sec. 3680, as amended, Laws 1917, ch. 85, sec.15.

The workmen's compensation act further provides: "All disputed claims for compensation or for benefits under this article must be submitted to the compensation commissioner for an award. If either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court of the county which would have jurisdiction of a civil action between the parties, either at or during a regular term of the district court of said county. or during any portion of time between the regular term time of the district court of said county, which court shall have authority to hear and determine the cause as in equity and enter final judgment therein determining all questions of law and fact in accordance with the provisions of this article, which judgment shall be final and conclusive unless reversed, dismissed or modified, on appeal or. otherwise modified pursuant to the provisions of this act." Rev. St. 1913, sec. 3678, as amended, Laws 1919, ch. 91, sec. 5.

These provisions, in connection with the workmen's compensation act as a whole, were intended to simplify the procedure in cases of this kind and to do away with a jury in determining the issues. Any appeal from the judgment of the district court, however, must be prosecuted in accordance with the general laws of the state regulating appeals in actions at law. It follows that a finding of the district court on an issue of fact in a compensation case should not be set aside on appeal where it is supported by sufficient evidence, or where the evidence is substantially conflicting, unless the finding is clearly wrong. *Manning v. Pomerene*, 101 Neb. 127; *Miller v. Morris & Co.*, 101 Neb. 169; *Kanscheit v. Garrett Laundry Co.*, 101 Neb. 702; *Anderson v. Kiene*, 103 Neb. 773. This is the general rule elsewhere. L. R. A. 1916A, note, p. 266. It is adopted here as being in harmony with the workmen's compensation act of this state.

In the present case there is ample evidence to sustain the judgment from which defendant has appealed. With the issues of fact thus determined, there is no error in the record.

AFFIRMED.

ALDRICH and DAY, JJ., not sitting.

ROSE, J., dissenting.

I interpret the workmen's compensation act to mean that an appeal from the compensation commissioner shall be tried in the district court as a suit in equity. The district court, says the statute, "shall have authority to hear and determine the cause as in equity." In my opinion the legislature, having made the appeal from the compensation commissioner to the district court a suit in equity, did not intend to make the appeal from the district court to the supreme court an appeal in an action at law, and thus prevent a trial *de novo* here. The proceeding, being designated by the legisla-

ture as one in equity, should be reviewed in the supreme court without regard to the findings of fact by the district court. ' The opinions in *Miller v. Morris & Co.,* 101 Neb. 169, *Kanscheit v. Garrett Laundry Co.,* 101 Neb. 702, and *Anderson v. Kiene,* 103 Neb. 773, were rendered without referring to that part of the workmen's compensation act requiring the district court to try cases of this kind as suits in equity, and should in my view of the law be overruled.

I have considered the evidence in the present case with care, and, while there is sufficient proof to sustain the findings below, I am fully convinced that the preponderance of the evidence is in favor of defendant, that the quarrel which resulted in the death of Cassil arose out of his employment, and that defendant is entitled to compensation. For these reasons, as I view the law and the facts, the judgment of the district court should be reversed.