EDWARD L. SIMON, APPELLANT, v. H. J. CATHROE COMPANY ET AL., APPELLEES.

FILED JULY 15, 1921.  No. 21936.

APPEAL from the district court for Lancaster County: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Robert J. Greene* and *Hugh O. Wilson*, for appellant.

*Kennedy, Holland, DeLacy & McLaughlin*, contra.

Heard before MORRISSEY, C.J., ALDRICH, 'DAY, DEAN,

FLANSBURG and ROSE, JJ.

PER CURIAM.

This is a claim under the workmen's compensation act. Laws 1913, ch. 198. Plaintiff was injured while in the employ of defendant, H. J. Cathroe Company, and under judgments heretofore pronounced has recovered compensation. The present proceeding is in the nature of an application to have the court declare that there has been a change in plaintiff's condition since the former judgment wherein plaintiff was found to be suffering from permanent partial disability, and the court is now asked to hold that he is suffering from permanent total disability. There was no new question of law presented, and the question before the trial court was one of fact. Plaintiff offered the testimony of men eminent in the profession of medicine and surgery, one of whom had performed the original operation on plaintiff and had testified on a former hearing of the case. Without undertaking to quote this testimony, but giving it the full force that plaintiff claims it is entitled to, we may say that it tends to support plaintiff's claim of permanent total disability. But defendant offered testimony of others, also eminent in the profession of medicine and surgery, and, without setting out their testimony, it may be said that it shows plaintiff is suffering permanent partial disability. On this conflicting evidence the trial court found generally for the defendants.

It is the settled law of this state that a finding of the district court on an issue of fact in a compensation case will not be set aside on appeal, where it is supported by sufficient evidence, or where the evidence is substantially conflicting, unless the finding is clearly wrong. *Manning v Pomerene*, 101 Neb. 127; *Miller v. Morris & Co.*, 101 Neb. 169; *Kanscheit v. Garrett Laundry Co.*, 101 Neb. 702; *Anderson v. Kiene*, 103 Neb. 773; *American Smelting & Refining Co. v. Cassil*, 104 Neb. 706; *Lincoln Gas & Electric Light Co. v. Crowley*, 104 Neb. 701; *Christensen*

*v. Protector Sales Co.*, 105 Neb. 389.  And this is the general rule.  Note to L. R. A. 1916A, 266.

The evidence being ample to sustain the judgment, the issue of fact determined by the trial court will not be disturbed.

The judgment is

AFFIRMED.