JOHYN TRAGAS, APPELLEE, V. CUDAHY PACKING COMPANY, APPELLANT.

FILED MAY 15, 1923. No. 23256.

1. **Master and Servant**: WORKMEN'S COMPENSATION: REVIEW. "A finding of the district court on an issue of fact in a compensation case will not be set aside on appeal, where it is supported by sufficient evidence, or where the evidence is substantially conflicting, unless the finding is clearly wrong." *Simon v. Cathroe Co.,* 106 Neb. 535.

2. **Evidence** examined, and *held* sufficient to sustain the findings and judgment of the trial court.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Sears, Horan & Sears,* for appellant.

*Wayne E. Sawtell, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

ALDRICH, J.

This is a proceeding under the workmen's compensation law. The case was originally brought before the compensation commissioner by plaintiff, an employee of defendant, the Cudahy Packing Company. From the commissioner's award of compensation defendant appealed to the district court for Douglas county.

Plaintiff in his petition alleged, in substance, that on

or about October 26, 1921, and for a long time prior thereto, he was employed by defendant as a "handy man;" that among other things plaintiff racked meat and washed rennets and racks; that to properly clean the rennets and racks it was necessary to use not only a steel brush but some sharp-edged instrument; that he used a chisei for this purpose; that on or about October 26, 1921, he sustained an injury to his right hand while grinding the chisel on one of defendant's grindstones which was not equipped with the safety guard as provided by law; that his right-hand was so mutilated that it became necessary to amputate the first and second joints of the fourth or little finger, and the third finger; that the second and first fingers were so injured as to render them permanently useless. Plaintiff further alleged he was earning at the time $21.60 a week, and was entitled to the sum of $14.40 a week for 100 weeks, and prayed for compensation in that amount.

Defendant's defense was that the injury did not arise out of and in course of plaintiff's employment, and that the injury was due to plaintiff's own wilful negligence.

Upon issues being joined by plaintiff's reply, the cause was tried to the court without a jury, and resulted in a finding in plaintiff's favor and in an award of compensation to plaintiff at the rate of $14.40 a week for 100 weeks, also awarding an attorney's fee and hospital expense. Defendant appeals.

Appellant contends the verdict is not in accordance with the evidence and is contrary to law. In perusing the record we are prone to say that there is ample evidence and abundant law to sustain this judgment. The facts portrayed truth and it is not our duty to disprove the same. It has been repeatedly held that findings of fact by the trial court in this class of cases, when supported by sufficient competent evidence, will not be set aside unless clearly wrong. We held that in *Simon v. Cathroe Co.*, 106 Neb. 535; and such is the law in Nebraska today.

*Perry v. Huffman Automobile Co.,* 104 Neb. 211, is also instructive in deciding this case. It might be well to observe that the employer's liability act is construed liberally and is intended to avoid formal and technical court procedure.

In the case at bar the law fixes the amount paid weekly and the number of weeks for total loss. This is just and fair, and when the plaintiff receives this amount he receives under this law all he is entitled to, in our judgment.

In the case of *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, it is held: "In proceedings under the workmen's compensation act, the crucial question is whether at the time of the accident the employee was performing services growing out of and incidental to his employment; and a defendant may be held liable for compensation although he has used the utmost care, and a claimant may recover although he has been guilty of contributory negligence."

As a matter of fact, at the time of his injury plaintiff was engaged in sharpening a chisel for the purpose of cleaning some pans. This work was done during the noon hour and was, as a matter of fact, done on his own time, but was clearly incidental to his employment. For a complete discussion analogous to this, see *Farmers Grain & Supply Co. v. Blanchard,* 104 Neb. 637.

Thus it is plain that this injury occurred while plaintiff was under the employment of the defendant, and he was entitled to the benefit of the law growing out of compensation, and was not guilty of contributory negligence. This case in many respects is not unlike *State v. District Court,* 129 Minn. 176.

At the risk of repetition, we cite *American Smelting & Refining Co. v. Cassil,* 104 Neb. 706, for the purpose of of emphasizing the position of this court, and from which we refuse to depart. We believe that this position so clearly does justice to the plaintiff that we will base

the decision on it. This being our position, we are for the affirmance of this case.

In the matter of allowance of attorney's fees we are of the opinion that services of counsel for plaintiff should be settled by defendant paying into court the sum of $100.

The judgment is

AFFIRMED.