JOHN BAUER, APPELLANT, V. WILLIAM ANDERSON, APPELLEE.

FILED FEBRUARY 12, 1926. No. 24678.

Master and Servant: EMPLOYERS' LIABILITY ACT: LIABILITY. Facts disclosed by the record and set out in the opinion, *held* sufficient to support the finding that the employee at the time of receiving the injury was engaged in the regular business of the employer, within the meaning of the employers' liability act.

APPEAL from the district court for Lancaster county: MASON WHEELER, JUDGE. *Affirmed.*

*Hall, Cline & Williams*, for appellant.

*W. W. Towle, Francis V. Robinson* and *Letton, Brown & Dibble*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

William Anderson was awarded compensation by the

labor commissioner against John Bauer under the provisions of the employers' liability act. Upon an appeal by Bauer to the district court, Anderson recovered judgment for $355.71 as compensation for temporary total disability from September 16, 1924, to and including March 1, 1925, the sum of $218.50 for medical and surgical care, $23 for hospital expenses, and $100 for attorney's fee; also $15 a week, for not to exceed six months, subject to modification upon ascertainment of the extent of permanent disability. From this judgment Bauer has appealed to this court.

The main question presented by the record is whether the employment of appellee was in the "regular trade, business, profession or vocation" of appellant. By section 3029, Comp. St. 1922, the employers' liability act is made to apply "to every employer in this state employing one or more employees in the regular trade, business, profession or vocation of such employer." Section 3038 defines the term "employee" as used in the act. Subdivision 3 of such section provides: "It shall not be construed to include any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer."

It appears that appellant was a retired farmer living in the city of Lincoln. He had retired about three years previous and had no regular occupation or business during this time. He conceived the idea of building a residence and also remodeling another house into an apartment for renting. Preliminary to engaging in the work, he took out compensation insurance for the period of one year. He did not make a contract covering the contemplated work, but employed the necessary mechanics at specified wages, bought the materials and himself supervised the work. The record does not disclose how much time was consumed in erecting and remodeling the buildings. The apartment house job lasted about three months and cost approximately $15,000. At times seven men were employed upon the work, among those employed was appellee, who was working as hod-carrier. While so employed he slipped on a plank and re-

ceived injuries to his knee, which were the basis of his claim.

At the time of trial, appellant testified that he remodeled the house into an apartment to rent and expected an income therefrom. He was then asked, "And that is really the only business you have got at the present time as far as that goes, renting this apartment?" to which he answered, "Yes, sir." It will be noted that the above question related to a then present condition, rather than to a situation existing at the time the work of building was carried on. The appellant did not testify as to what he regarded as his business during the period of the construction of the buildings. While his view on that question would not be conclusive, it would be a circumstance which might throw some light upon the question. Whether a given case of employment is within the regular trade, business, profession or vocation of the employer is sometimes difficult to decide, and in each case must be determined upon its own peculiar facts. No hard and fast rule can be laid down which in all cases would be safe. In the case before us, the employer, in contemplation of the work, took out compensation insurance for a period of one year. He employed a number of men to do work and had as many as seven at one time. He expended upwards of $15,000 and was several months engaged in the work. He had no other business. The appellee was injured while assisting in the work. Considering all of the circumstances, it seems to us that appellee at the time he received his injury was engaged in the regular business of appellant. The trial court so found.

We have repeatedly held that the determination of an issue of fact by the trial court in compensation cases will not be disturbed unless clearly wrong. *Miller v. Morris & Co.*, 101 Neb. 169; *Anderson v. Kiene*, 103 Neb. 773; *Young v. Johnson & Blind*, 113 Neb. 149; *Tragas v. Cudahy Packing Co.*, 110 Neb. 329; *Way v. Georgia Casualty Co.*, 107 Neb. 508.

Other questions are argued in appellee's brief, contingent upon the holding that appellee was not engaged in the regu-

lar business of appellant; but, in the view we have taken of the evidence, it seems unnecessary to consider such questions. We think the present case can be distinguishd from *Kaplan v. Gaskill*, 108 Neb. 455. In our opinion the evidence supports the finding and judgment of the trial court.

An attorney's fee for appellee's attorney is allowed in the sum of $100. Our former unpublished opinion is withdrawn.

The judgment of the trial court is

AFFIRMED.