EDGAR BURKHOLDER, APPELLANT, V. KATIE E. CLARK, EXECUTRIX, APPELLEE.

300 N. W. 839

FILED NOVEMBER 21, 1941. No. 31303.

*Hubka & Hubka,* for appellant.

*Sackett, Brewster & Sackett, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is a compensation case. The Nebraska workmen's compensation court found for the plaintiff and awarded compensation for total permanent disability. From this award defendant appealed to the district court, which found for the defendant, setting aside the award of the compensation court and dismissing plaintiff's cause of action. Plaintiff appeals, contending the district court was in error in that its finding and judgment were contrary to the evidence and the law.

The evidence discloses that the plaintiff, a painter and paper hanger, had worked on several occasions for one E. L. Call, now deceased, who owned about 12 pieces of rental property in the city of Beatrice, Nebraska. In addition, he owned several lots, upon which were situated a large barn and the residence of Call. The plaintiff was finishing the painting of this barn when he fell and severely injured himself, resulting in permanent disability.

The contention of the plaintiff is that the injury sustained by him occurred in the regular trade, business, profession or vocation of his employer, Call. Comp. St. 1929, sec. 48-106. This contention is based on the fact that the plaintiff had worked for Call on his rental properties on different occasions over a period of eight years.

The cases of *Kaplan v. Gaskill*, 108 Neb. 455, 187 N. W. 943, cited by defendant, and *Bauer v. Anderson*, 114 Neb. 326, 207 N. W. 508, cited by plaintiff, to support their respective positions, disclose that the workmen in both instances were working on rental properties of the employers, while in the instant case definitely the plaintiff was working on the residence property of Call, as distinguished from rental property. In view of the circumstances, we conclude that the plaintiff was not injured in the usual course of the trade, business, profession or vocation of his employer, within the meaning of the workmen's compensation act. Comp. St. 1929, sec. 48-106.

The plaintiff has failed to prove by a preponderance of the evidence that his claim comes within the provisions of the workmen's compensation act, as is required by law. See *Bartlett v. Eaton,* 123 Neb. 599, 243 N. W. 772; *Cunningham v. Armour & Co.,* 133 Neb. 598, 276 N. W. 393.

The judgment of the district court is

AFFIRMED.