JENNIE RETZLAFF, APPELLANT, V. DANIEL T. DICKINSON
ET AL., APPELLEES.

2 N. W. (2d) 922

Filed March 13, 1942.   No. 31357.

Spillman & Ptak, for appellant.

Frederick M. Deutsch and Kelsey & Kelsey, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CAR-
TER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This is an appeal from the judgment of the district court
denying plaintiff the benefits of the workmen's compensa-
tion act.

Defendant Bockelman was the owner of two improved
farms, a business and a residence property in Pierce, all of
which he rented. He also owned a residence property in
Norfolk where he made his home. He decided to move the
house and barn from the residence property in Pierce to
one of his farms and remodel it and remove his home
thereto. That he did. The operation of moving and re-
modeling took some weeks. Defendant's sole income came
from the rental of these properties, which he looked after,
to the extent necessary, and collected rents as owner. He
never had moved or remodeled other property and had no
intent to do so.

Bockelman contracted with one Dickinson to move the
house and barn. Dickinson employed George Retzlaff, hus-
band of the plaintiff, to assist him. While the barn was
being moved, Retzlaff was injured and subsequently died.
Dickinson did not carry compensation insurance, nor did
Bockelman require him to do so.

Section 48-116, Comp. St. 1929, provides: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this article." It is the plaintiff's contention that because defendant Bockelman did not require Dickinson to carry workmen's compensation insurance the defendant thereby became an employer under the act. It will here be assumed, but not decided, that that contention is correct.

Section 48-106, Comp. St. 1929, provides: "The provisions of this act shall apply to the State of Nebraska and every governmental agency created by it, and to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer." Plaintiff contends, first, that Bockelman's trade, business and vocation was that of owning, renting and caring for real estate; and, second, that during the period of this operation of moving and remodeling this property that constituted the appellee's regular trade, business and vocation. The record clearly establishes that defendant was moving and remodeling this property to make it his home.

Plaintiff's contentions cannot be sustained. Since this appeal was perfected this court decided the case of *Burkholder v. Clark*, 140 Neb. 590, 300 N. W. 839. The cases are somewhat similar. We there held that an employee, working on the residence property of his employer, was not injured in the usual course of the trade, business, profession or vocation of his employer, within the meaning of the compensation act, and compensation was denied. The case is controlling here. It is clear that plaintiff's husband was not an employee "in the regular trade, business, profession or vocation" of the defendant. See *Kaplan v. Gaskill*, 108 Neb. 455, 187 N. W. 943. The judgment is affirmed.

AFFIRMED.