LOUIS LANGE, APPELLEE, ·V. DEPARTMENT OF ROADS AND IRRIGATION OF THE STATE OF NEBRASKA, APPELLANT.

3 N. W. (2d) 194

FILED MARCH 20, 1942. No. 31326.

*Walter R. Johnson,* Attorney General, and *Herbert T. White,* for appellant.

*Thomas E. Dunbar,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is a workmen's compensation case, in which the judge of the compensation court entered an award for 18 weeks, from which award plaintiff appealed to the full compensation court, which increased the award, from which the department of roads and irrigation appeals to the district court, and then to· this court.

Plaintiff, a single man, 47 years of age, was employed as a common laborer by the defendant, and while climbing from an empty gravel car to a full one he had an accident, and felt a strain along the edge of his ribs and sternum. He says it was as if something pulled or snapped.

The written report of Dr. J. W. Brendel, of Avoca, is exhibit No. 10, and sets out that the accident occurred April 24, 1940; that the injured man said he hit his side against a car in crossing from one car to another, and bruised his side, and he taped the side.

The counsel, at the beginning of the trial before the full compensation court, stipulated as follows:

"It is hereby stipulated by and between the plaintiff and the defendant, by his and its attorney, that the accident complained of by the plaintiff, and alleged in his petition, occurred adjacent to the village of Avoca in Cass county, and that the initial hearing before Judge Lawrence F. Welch, was had in Nebraska City, Otoe county, Nebraska, by agreement and stipulation of the parties filed in this cause; and that the rehearing is being held in Cass county, also by stipulation and agreement of the parties, irrespective of the original hearing having been stipulated at Otoe county, Nebraska.

"It is further stipulated by and between the parties that the accident complained of by plaintiff, without admission as to the extent of the injuries on the part of the defendant, occurred during the course of the employment of the plaintiff by the defendant, Department of Roads and Irrigation for the State of Nebraska, and that the alleged accident arose out of and in the course of his employment by the defendant."

While he complained of pain, he went back to work in a day or so, but they gave him a new task, the lightest work on the job, of holding up a flag ahead of an oil sprayer, which he continued to do intermittently until the job was completed, about the 26th of May, 1940. He tried to get work on farms, and worked a few days in the oat harvest, for the county commissioners would not give him anything, and, as his attorney says, "he had to eat."

Plaintiff filed a petition in the compensation court in July of 1940, and had a hearing before Judge Welch in October, 1940, who entered a finding that there had been a 50 per cent. disability from the date of the accident until the date of the hearing, and found there was disability after that time, and allowed him 50 per cent. disability for 18 weeks, that is, from about May to September. From that award the plaintiff appealed to the full compensation court, and after a trial they entered an award, finding he had a 50

per cent. temporary disability, and then in addition they allowed him a 30 per cent. permanent disability for a period of 282 weeks from September 28, 1940, and from that award the state appealed to the district court, which entered the same award as given in the compensation court, from which the state promptly appealed.

The question before this court resolves itself simply to the question: Was the award excessive for the admitted accident and injury plaintiff received?

The plaintiff's chest was examined in the trial, and there is a hard lump, or tumor, at the junction of the ninth rib, more pronounced when he is lying down than standing. This is about two inches by an inch and a half in size, and is movable. In addition, there is a grating sensation, which can be felt when his arm is moved in a certain position.

This injury of the cartilage is very slow to heal, and will not disappear by taping, or other external treatment, and surgery offers the only cure. One doctor testified that a small section of this mass should be taken out and a pathological examination made to determine whether one is dealing with an osteochondroma, or a chondroma. It is also necessary to determine whether a nerve is pinched in the tumor mass, which would account for the pain. Testimony was to the effect that his present percentage of disability is 50 per cent. permanent.

A large number of medical witnesses were called, and those called by the defendant admitted the separation of a rib at the costochondral junction, which has an overgrowth of callous, and that in time this callous may eventually be absorbed. Some of these doctors said they could not detect any grating sound upon movement, and that it should not disable the plaintiff from working at this time.

The defendant insists that, while plaintiff has a little lump, still the skin slides over it, showing that it is not attached to the skin, and that the award was excessive for a slight injury to a breastbone; that the mere fact that he has been unable to obtain any employment does not warrant the award made.

The defendant cites several authorities to the effect that "An award for compensation cannot be based upon possibility, probability, speculation or conjecture. Unless it is established by sufficient evidence that claimant has incurred a disability arising out of and in the course of his employment, he cannot recover." *Milton v. City of Gordon,* 129 Neb. 888, 263 N. W. 208. See *Bartlett v. Eaton,* 123 Neb. 599, 243 N. W. 772; *Hoffman v. Great Western Sugar Co.,* 125 Neb. 302, 250 N. W. 70.

In our opinion, the following statement, made by Judge Eberly in *City of Fremont v. Lea,* 115 Neb. 565, 213 N. W. 820, applies: "This appeal, thus made, is now to be heard and determined subject to the limitations of the doctrine heretofore adopted and repeatedly announced by this court: 'On appeal from the district court to the supreme court in a workmen's compensation case, findings of fact supported by sufficient evidence and findings of fact on substantially conflicting evidence will not be reversed unless clearly wrong.' *American Smelting & Refining Co. v. Cassil,* 104 Neb. 706. See, also, *Tragas v. Cudahy Packing Co.,* 110 Neb. 329; *Simon v. Cathroe Co.,* 106 Neb. 535."

It is also to be noted that the plaintiff has offered to subject himself to surgical treatment at the expense of the defendant to see if his condition could be relieved. This offer has not been accepted.

There is no question from the evidence that the plaintiff is, for many kinds of heavy lifting, disabled, and therefore, in his present condition, not able to perform the usual duties of a common laborer. It is also possible that, by a simple operation, the lump of cartilage might be removed, or a nerve, if any is embedded therein causing pain, might be released. There is also a possibility that by surgery a firm union might be brought about between the end of the rib and the sternum.

If these are the facts, it would be usual for the employer to demand that the employee submit to an operation. Many such cases are set out in *Simmerman v. Felthauser,* 125 Neb. 795, 251 N. W. 831. See, also, *National Mutual Casualty*

*Co. v. Lowery*, 136 Tex. 188, 148 S. W. (2d) 1089; *Orlandini v. Volpe Coal Co.*, 145 Pa. Super. 129, 20 Atl. (2d) 870; *Delafield v. Maples*, 2 So. (2d) (La. App.) 704.

The statute in Nebraska reads as follows: "If the injured employee refuses or neglects to avail himself of medical or surgical treatment furnished by the employer except as herein and otherwise provided the employer shall not be liable for an aggravation of such injury due to such refusal and neglect." Comp. St. Supp. 1941, sec. 48-120. However, in the case at bar the employee has been ready and willing to submit himself to such an operation, and it has not been done. The plaintiff is not able to pay for an operation which might remedy his disability.

The trial court found that the award on rehearing entered by the full compensation court is fully supported by the evidence and affirmed by the court, and that the plaintiff's attorney was entitled to an attorney's fee in the district court in the sum of $75. This award is for the sum of $10.97 a week for 18 weeks, beginning May 26, 1940, on account of temporary total disability, and further, that the plaintiff shall recover the sum of $3.29 a week for a period of 282 weeks from and after September 28, 1940, on account of a 30 per cent. partial permanent disability of the body as a whole, in addition to an allowance of $6.75 for Dr. W. C. Kenner, and $6 to St. Mary's Hospital, both of Nebraska City.

There being no error in the record, the judgment of the lower court is affirmed, with an allowance to the plaintiff of an attorney's fee of $100 in this court.

AFFIRMED.