NELS SHOLD, ADMINISTRATOR, APPELLANT, V. PETER H. VAN
TREECK ET AL., APPELLEES; STATE OF NEBRASKA, AP-
PELLANT.

FILED DECEMBER 10, 1910.    No. 16,166.

1. Appeal. DISMISSAL. An *ex parte* motion to dismiss an appeal in
this court, based upon papers not a part of the transcript, and
which have been filed without leave, should not be entertained.

2. ———: ABATEMENT: PRACTICE. When it is sought to show that
an appeal has abated by reason of matters happening after the
appeal has been perfected, the moving party should proceed by
way of plea in abatement and service of notice on the adverse
party.

3. Hearsay testimony which is incompetent is not made admissible by
reason of the death of the person who made the statement sought
to be proved.

4. Evidence examined, and *held* to warrant a decree in favor of the
defendants.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William T. Thompson, Attorney General, Grant G. Mar-
tin* and *A. W. Crites,* for appellants.

*A. M. Morrissey* and *Allen. G. Fisher, contra.*

LETTON, J.

A statement of the facts in this case may be found in
the former opinion in *Shold v. Van Treeck,* 82 Neb. 99. At
the second trial the court found generally in favor of de-
fendants as to the amount due in excess of $515.40, the
amount of the funeral and other expenses, found, further,
that the state of Nebraska had no right to appear and dis-
missed the petition in intervention; it also found that the
amount due had been paid into court, and decreed that the
mortgages were satisfied. From this decree the adminis-
trator and the intervener filed a joint appeal. The tran-

script and precipe were filed in this court upon April 23, 1909, with a waiver by defendants of notice of appeal. On August 16, 1909, certificate of the clerk of the district court for Dawes county was filed without permission, setting forth what purported to be a list of papers filed in the case in the district court, and a copy of certain receipts upon the appearance docket. We are now asked to dismiss the appeal upon the strength of this certificate. We cannot consider this showing. If it is contended that the court lost jurisdiction on account of the action abating by payment and satisfaction of the decree, the matter should have been presented by the filing of a plea in abatement, and notice of the filing of the same being given to the adverse parties. Apparently no opportunity has been given by notice for the appellants to investigate and challenge, if they so desire, the correctness of the facts stated. Having proceeded to the final submission of the case in this manner, we can only consider the matters shown by the original transcript and the bill of exceptions.

In the view we take of the evidence, it is unnecessary to determine the right of intervention, or the law regarding the escheating of personal property.

Plaintiff contends that the allegations of the answer do not constitute a defense to the action, and that even if the answer is sufficient the evidence does not warrant a decree in favor of defendants. No attack on the answer was made by demurrer before the trial. By a liberal construction its somewhat general allegations may be held to plead a sufficient defense. The answer, in substance, prays for the specific performance of an alleged oral contract or agreement to make a testamentary disposition of property. The rule in this state is that such an oral agreement must be clearly and satisfactorily proved before a court of equity will enforce it. *Kofka v. Rosicky*, 41 Neb. 328; *Peterson v. Estate of Bauer*, 76 Neb. 652; *Harrison v. Harrison*, 80 Neb. 103. Is the evidence sufficient to warrant the court in finding that a valid and enforceable contract was made? A number of objections to the admission of evidence were

9

made and exceptions taken, but since the trial was to the court, and we must presume that only competent evidence was considered, these objections and the rulings thereon will not be reviewed.

Judge Sayrs, the county judge of Dawes county, testified to a conversation had with one Fanning, an attorney of Crawford, now deceased, and produced a paper in the form of an affidavit sworn to before him by Fanning, which was received in evidence over objection. The conversation and the written paper tended to corroborate the defendants' witnesses as to the existence of the agreement made between Jansen and Van Treeck. We are of opinion, both as to the conversation and the written paper, that such evidence is incompetent. Both are hearsay, and under no rule of evidence of which we have any knowledge can they be considered. The fact that Fanning has died since the statements were made by him does not operate to render them admissible. 1 Elliott, Evidence, sec. 315; 1 Greenleaf, Evidence (12th ed.), sec. 125; 2 Wigmore, Evidence, sec. 1576; 16 Cyc. 1195b; *Halvorsen v. Moon & Kerr Lumber Co.*, 87 Minn. 18. The result of this rule may be deplorable in some instances, and its abrogation by statute, as has been done in Massachusetts, may or may not be desirable, but it is an established rule of evidence, and we are not at liberty to change it. In deciding the case upon the facts, we must, therefore, as we presume the district court did, disregard the evidence of the county judge in respect to this matter.

It is unnecessary to set forth all the testimony. It shows that Jansen sold his farm to Van Treeck, taking a note of $300, and one of $800, due respectively in two and five years, and secured by mortgage; that on the day the papers were executed they desired Mr. Fanning to draw a will to evidence the agreement they had made that Jansen should have his home with Van Treeck, and that when he died Van Treeck was to give him a decent burial, pay all expenses, and have the remaining property. The only property Jansen had was the notes and mortgages. He

had lived with the Van Treecks for years, had no relatives in this country, or apparently in any other country. The Van Treecks are apparently the only intimate friends he had on earth, and the circumstances seem to enhance the probability that the testimony is true. While we think the district court was wrong in holding that the state had no right to intervene, we are satisfied its finding as to the facts was correct.

This being so, the judgment must be, and is,

AFFIRMED.

FAWCETT and ROSE, JJ., not sitting.