LOUISE YOUNG, APPELLANT, V. JOHNSON & BLIND ET AL.,
APPELLEES.

FILED FEBRUARY 17, 1925. NO. 24361.

1. Appeal: BILL OF EXCEPTIONS. Where the party excepting has
served the proposed bill of exceptions upon the adverse party
within the time fixed by law, the adverse party, by holding the
bill until the expiration of the 100 days within which the same
may be settled, is estopped to move that the bill of exceptions be
quashed for the reason that it was not settled within 100 days,
if the party excepting has, in no way, been negligent.

2. ———: CONFLICTING EVIDENCE. "Where the case is heard in
court before a judge of the district court upon conflicting evi-
dence, and where there is competent evidence sufficient to sustain
the finding, the judgment rendered by the district court will
not be set aside on appeal unless it is clearly wrong." *Anderson
v. Kiene*, 103 Neb. 773; *Miller v. Morris & Co.*, 101 Neb. 169.

APPEAL from the district court for Douglas county:
CHARLES A. GOSS, JUDGE. *Affirmed.*

*Millard B. Conklin* and *Verne E. Chatelain*, for appellant.

*John W. Battin* and *Kennedy, Holland, De Lacy & Mc-
Laughlin*, contra.

Heard before MORRISSEY, C. J., DAY, GOOD, and EVANS,
JJ., and SHEPHERD, District Judge.

EVANS, J.

This is an action to recover compensation under the
employers' liability law. The claim was presented to the
commissioner and hearing had, whereupon the cause was
dismissed. It was then appealed to the district court and
there tried and the "claim and cause of action" dismissed.
Notice of appeal to this court was filed in due time and
the cause is here for review.

The defendants move to quash the bill of exceptions be-
cause it had not been settled within 100 days from the
adjournment of the term of court at which the case was
tried and decided. The motion was submitted with the
arguments on the merits.

The term of court at which the case was decided adjourned *sine die* on October 4, 1924. The appellant's brief was served on appellees' attorneys on November 12, 1924, and with it was served the proposed bill of exceptions, and thereafter until January 12, 1925, the appellees' attorneys retained possession and control thereof, although the appellant's attorney frequently requested that the bill be returned to him. Upon such requests the appellees' attorneys asked that they be permitted to retain the bill of exceptions until they had prepared their brief, which requests were acceded to by the appellant's attorney. On January 12, 1925, the appellant's attorney demanded and received the bill of exceptions from the appellees' attorneys without suggested amendments thereto, but because of the absence of the trial judge from the district was unable to have the same settled until January 14, 1925. On that day it was settled, filed in the office of the clerk of the district court, certified to by him, and filed in this court. From October 4 to January 14 following is 102 days. The appellees had held the bill of exceptions from November 12 until January 12 following, or 61 days, and until the last day within which the bill should have been presented. It is under such a record the appellees move to quash the bill of exceptions. This court has held:

"A district judge has no authority to settle a bill of exceptions more than 100 days after adjournment of the term in which the appealable judgment in the case was rendered and entered on the journal." *Lincoln Land Co. v. Commonwealth Oil Co.*, 109 Neb. 652; *Walker v. Burtless*, 82 Neb. 211. In the latter case the delay was the fault of the party excepting. It does not appear who occasioned the delay in the former.

It has also been held that the time within which a proposed bill of exceptions may be served cannot be extended beyond the time fixed by law for serving the same. *Stock v. Luebben*, 72 Neb. 254; *Mathews v. Mulford*, 53 Neb. 252. In none of these cases, so far as appears, was the

Young v. Johnson & Blind.

delay occasioned by the act of appellee, nor was the question of appellee's negligence in any way involved.

It should be borne in mind that the statute (Comp. St. 1922, sec. 8823) gives the party excepting 40 days to prepare and submit the proposed bill to the adverse party. This, upon good cause shown, may be extended by the judge to 80 days. This is the time within which the party excepting may submit his proposed bill to the adverse party. The adverse party, within 10 days (not 61) "*shall return said bill* * * * to the other party or his attorney of record," and the latter then has 10 days to present the same to the judge for settlement. The provision, "It shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed, but not beyond 40 days additional to that herein provided," relates entirely to the preparation and submission to adverse counsel in the first instance.

In this case the appellees are in the position of asking this court to quash the bill of exceptions because they retained the same for 61 days, when they should have returned it in 10 days. In other words, they move the court to quash the bill of exceptions because they retained the bill more than six times as long as the law permitted, and they seek to, and will, if successful, deprive the party excepting of the 10 days given by law within which the bill may be presented to the judge for settlement.

In *Deck v. Smith*, 12 Neb. 205, 207, the court say: "It is the duty of the adverse party to propose amendments if the bill is incorrect, and return the bill with the proposed amendments to the party excepting or his attorney. * * * He cannot close his office, or place the bill where it will be overlooked or forgotten, and then plead his own neglect to deprive the party excepting of his rights."

In the case of *Saxton v. Harrington*, 68 Neb. 446, the court say: "The bill of exceptions might have been settled and error proceedings commenced after it was found and returned to the appellant's counsel. The delay being the fault of appellee, he could not have procured a dismissal of

the cause, and an application to quash the bill of exceptions, if made by him, would have been overruled." The delay in both cases was occasioned by the appellee, and the court refuses to permit appellee to profit by his own wrong.

The appellees by failure to return the proposed bill of exceptions within ten days after its service upon them are in default, and having, by their own default, made it impossible for the appellant to present the bill to the trial judge for settlement, are estopped to ask that the bill of exceptions be quashed. The motion is overruled.

The first assignment of error is that the court rejected competent, material, and relevant evidence offered by the plaintiff. This assignment of error is based upon the sustaining of objections to questions calling for statements of the deceased made to his wife after his arrival at the family home on the evening of the alleged accident.

The theory upon which the plaintiff presented her case was that the deceased was injured while at work in the defendants' place of business some time between 10 and 3 o'clock; that he continued working and arrived at home some time about 8 o'clock, and then informed her as to the cause of the alleged injury, and the statements so made are sought to be introduced as a part of the *res gestæ*. "The term '*res gestæ*' means things done in and about, and as a part of, the transaction out of which the litigation in hand grew and on which transaction said litigation is based." *Collins v. State*, 46 Neb. 37. If we assume the accident to have occurred in this case, as suggested, the presumption should not be raised that the report to the wife, hours after, was the unpremeditated account thereof so as to make it a part of the *res gestæ*. There was no error in sustaining the objection to this line of questions.

The second assignment of error is to the effect that the documentary evidence offered and received in the case, together with evidence of conversations, transactions, conduct, and representations before the death of the deceased, constitute admissions of law or fact which are *prima facie*

evidence of an accident of the deceased growing out of and in the course of his employment. It is undisputed that the cause of the death of the deceased was cancer, and that it was present and developing in the early part of January, 1920. The theory of the plaintiff is that the injury which produced the disease occurred in October, 1919. There is not in the record evidence which goes to establish or prove an injury in October of 1919, and much of the evidence referred to tends to disprove such an injury.

The third assignment of error is that the defendants were estopped to deny the alleged accident. We have read the record and have been unable to discover anything in the conduct of the defendants which would raise an estoppel as to either of the defendants.

Under the employers' liability act (Laws 1913, ch. 198 as amended by Laws 1917, ch. 85) : "Where the case is heard in court before a judge of the district court upon conflicting evidence, and where there is competent evidence sufficient to sustain the finding, the judgment rendered by the district court will not be set aside on appeal unless it is clearly wrong." *Anderson v. Kiene,* 103 Neb. 773. *Miller v. Morris & Co.,* 101 Neb 169.

This case was so tried. There is no error in the record, and the judgment of the district court should be affirmed.

AFFIRMED.