CLARA ALGERMISSEN, APPELLANT, v. CRETE MILLS, APPELLEE.

FILED FEBRUARY 16, 1929. No. 26299.

*Bartos, Bartos & Placek,* for appellant.

*Stewart, Stewart & Whitworth, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

BEGLEY, District Judge.

This action, as originally instituted, was one for an injunction to restrain defendant's interference with plaintiff's enjoyment of rights acquired under a certain lease of ice-cutting privileges. Subsequently, however, by stipulation of the parties, it was submitted to the court simply as an action to construe a lease. The lease in controversy is as follows:

"This indenture, made this 18th day of November, in the year one thousand eight hundred ninety-two, between Charles C. White and Olive A. White, husband and wife, of the first part, and Catherine Muff, widow of Joseph L. Muff, unmarried, of the second part:

"Witnesseth, that the said parties of the first part in consideration of the sum of one hundred dollars, to them duly paid, the receipt whereof is hereby acknowledged, have remised, released and quitclaimed, and by these presents do, for themselves and their heirs, executors and administrators, remise, release and forever quitclaim and convey unto the said party of the second part, and to her heirs and assigns forever, all our right, title and interest, estate and claim and demand, both at law and in equity, of, in, and to all the right and privilege to cut ice upon the mill-pond and waters of the Big Blue river from the mill-pond of the mill, known as the one built by Charles Seeley, known as the Upper Mill at Crete, or the City Roller Mills, and the waters supplying the said mill-pond, as far as these grantors have any interest in the same. And the grantors hereby agree to provide a sight for the erection of an ice-house if the grantee so desires, for her own use, for the purpose of the grantee, having sufficient room within which to store such ice as she may cut from said pond. This ice privilege, and the right to erect an ice-house, to continue for the term of ninety-nine years from this date, the party of the second part agreeing that no inconvenience or damage shall be caused the parties of the first part by reason of cutting such ice and the hauling and loading of the same upon the railroad, or in placing in such ice-house as party

of the second part may erect, or taking from said ice-house and loading upon the railroad. This, however, does not exclude the parties of the first part from cutting ice upon said mill-pond, if they so desire. Together with all and singular the hereditaments and appurtenances thereunto belonging. To have and to hold the above described privileges unto the said Catherine Muff, her heirs and assigns, so that neither they, the said Charles C. White or Olive A. White, or any person in their name and behalf, shall or will hereafter claim or demand any right or title to the said premises, or any part thereof, except as above mentioned; but they and every one of them shall by these presents be excluded and forever barred.

"In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"In presence of W. A. Bridges.

"Charles C. White<br>"Olive A. White."

This lease was acknowledged by the grantors, and duly recorded.

The plaintiff became the owner of said lease through the will of her mother, Catherine Muff, and the defendant acquired the land upon which the pond is situated by a deed from Olive A. White, the widow of Charles C. White, deceased.

The trial court construed the lease as reserving in the Whites and their grantees the concurrent right with the lessee, and her heirs and assigns, to cut and harvest ice upon said pond, and dismissed the plaintiff's action.

The appellee, before filing of briefs in this court, moved to dismiss the appeal on the ground that it was not filed within 90 days from the entry of the decree, although it was filed within 90 days from the date of the overruling of a motion for a new trial. This motion was overruled without prejudice to the further consideration of same on the final hearing. Appellee again urges the motion. Section 9138, Comp. St. 1922, provides for appeals from the

district court to this court within three months from the overruling of a motion for a new trial, in equity as well as law cases, and said section was so construed in the case of *Bowers v. Raitt*, 96 Neb. 460. Appellee's motion was therefore properly overruled.

The court in construing the terms of the lease will endeavor to ascertain the intent of the parties from the whole instrument. This lease is a grant of the exclusive right to Catherine Muff, her heirs and assigns, to cut and harvest the ice upon the pond in question for a period of 99 years, with a reservation of the privilege to the Whites to cut ice upon the pond, if they so desired, and further provides that neither they, nor any person in their behalf, should thereafter claim or demand any right or title to said premises, or any part thereof, except as above mentioned. This was merely a personal privilege given the Whites to cut ice, if they so desired, and was not a covenant or restriction running with the land. When the appellee purchased the land, it acquired no ice-cutting rights in the pond, and therefore it has no legal right to interfere with plaintiff's enjoyment of the rights acquired under said lease.

The trial court erred in construing the lease as giving the appellee a concurrent right to cut ice upon the pond in question. The cause is therefore reversed and remanded to the trial court, with directions to enter an injunction enjoining the defendant from cutting ice upon said pond without plaintiff's consent, or from interfering with plaintiff's enjoyment of the rights acquired under said lease; said decree, however, to be without prejudice to the right of the plaintiff to institute a law action for the recovery of damages, if any, sustained by reason of the previous unlawful interference with the said rights of plaintiff, as provided by stipulation.

REVERSED.