LINCOLN PACKING COMPANY ET AL., APPELLEES, V. MAUDE COE, APPELLANT.

FILED SEPTEMBER 23, 1930. No. 27452.

*Sterling F. Mutz* and *Edward C. Fisher*, for appellant.

*Sanden, Anderson, Laughlin & Gradwohl, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

This is an action for compensation under what is known as our workmen's compensation act and amendments thereof. Comp. St. 1922, secs. 3024-3084. The commissioner found for the claimant. The employer submitted the matter to the district court, where, after hearing was had, judgment was entered on January 31, 1930, setting aside the award of the commissioner and dismissing the action. A motion for a new trial was filed February 1, 1930, overruled February 15, 1930, and on March 12, 1930, a transcript of the proceedings was filed in this court.

We are first met by a motion to dismiss the appeal for the reason that it was not "perfected within thirty days from the entry of the judgment." Whether or not this motion should be sustained depends upon the proper construction of the above law, and especially section 3062 thereof, in which it is provided, so far as here material: "Any appeal from such judgment shall be prosecuted in accordance with the general laws of the state regulating appeals and actions at law except that such appeal shall be perfected within thirty days from the entry of the judgment and the cause shall be advanced for hearing in the supreme court so as to bring said cause on for argument before such court within sixty days from the filing of the appeal and said supreme court shall render its judgment and opinion in such cases within thirty days after submission."

It is contended by the appellee that the 30 days commence to run from the date of the entry of the original judgment (in this case January 31, 1930), even though a motion for a new trial was filed the day following such entry and was not ruled on until 14 days thereafter.

In our view the 30 day period does not commence to run, where as in this case a motion for a new trial is filed in due time, until such motion is overruled. In this conclusion we find support in section 3062, Comp. St. 1922, as heretofore quoted, when such section is considered in connection with sections 8826 and 9138 of such statutes. In section 8826 it is provided: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and * * * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Section 9138 provides in part: "The proceedings to obtain a reversal, vacation or modification of judgment and decrees rendered or final orders made by the district court * * * shall be by filing in the supreme court a transcript certified by the clerk of the district court, containing the judgment, decree or final order sought to be reversed, vacated or modified, within three months from the rendition of such judgment or decree or the making of such final order or within three months from the overruling of a motion for a new trial in said cause."

As we have held that an action to recover compensation under our statutes is one in equity, and so triable in the district court and in this court on appeal, it follows that the procedure announced in *Algermissen v. Crete Mills,* 118 Neb. 72, is controlling here, as in the *Algermissen* case we held: "Where a party to an equity action in the district court files a motion for a new trial alleging errors of law occurring at the trial, he has three months after the overruling of said motion within which to file a transcript on appeal to this court." Further, this holding was applied to a compensation case in *Baade v. Omaha Flour Mills Co.,* 118 Neb. 445, 448. It follows that the motion to dismiss should be, and is, overruled.

Considering the action on its merits, we find the history reflected by this record to be: Roy Coe, husband of appellant herein, was employed by ·the Lincoln Packing Company, appellee, and was on June 8, 1923, injured in the course of his employment. On August 14 following he filed his petition for compensation with the commissioner, who made an award of $15 a week on September 27, 1923. Thereafter Coe and his employer agreed on a lump sum settlement of $1,100, and on November 14, 1923, they jointly applied to the compensation commissioner to have such lump sum settlement approved, which was accordingly done on that day by the commissioner, and likewise on the same day was approved by the district court, with the proviso that when such $1,100 was paid to Coe the employer be discharged from further liability. The $1,100 was thereafter and on the same day paid to Coe. On June 10, 1924, such Coe died, and on June 9, 1925, his widow, claimant herein, on behalf of herself and their minor children, filed her petition with the commissioner for further award, and to have set aside such lump sum settlement. On August 14, 1925, the commissioner made an award in favor of Mrs. Coe of $15 a week from and after June 10, 1924, from which award the employer, appellee herein, appealed to the district court, where, after trial, and on January 31, 1930, the court entered decree finding that complete compensation had been made by the lump sum settlement above referred to, and ordered the application of Mrs. Coe, claimant, dismissed, as hereinbefore stated.

After a careful examination of the transcript and the bill of exceptions, we conclude that the record does not disclose reversible error, and that the judgment of the trial court is amply sustained by the evidence and should be, and is,

AFFIRMED.