CLARENCE G. BLISS, SECRETARY OF THE DEPARTMENT OF TRADE AND COMMERCE, APPELLEE, V. BESSIE M. WOODS, APPELLANT.

FILED MARCH 6, 1931. NO. 27786.

*Sanden, Anderson, Laughlin & Gradwohl,* for appellant.

*C. M. Skiles* and *I. D. Beynon, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

These two cases are appeals from a decree and judgment of dismissal entered by the district court for Lancaster county. Two suits were brought against the guaranty fund commission of the state of Nebraska under the provisions of the workmen's compensation law, the first suit being brought by the widow of Charles D. Woods, deceased, for amounts due her after the death of her husband.

The second suit was brought by Bessie M. Woods, as administratrix, to recover any amounts due prior to the death of the deceased. The facts in the case, as alleged by the plaintiff, may be stated briefly as follows: Charles D. Woods, the husband of Bessie M. Woods, appellant, was employed by C. A. Bryant, head of the real estate department of the guaranty fund commission of Nebraska, in July, 1927, at a monthly salary and expenses, and while driving his own automobile near Johnstown, Cherry county, on September 24, 1927, with his wife and a prospect to whom he had shown a piece of land near Tryon,

he dropped into a rut, which caused his jaw to strike the steering wheel of the car, causing osteomyelitis; that he did not notify his employer for some time thereafter, and he died on May 29, 1929. The guaranty fund commission, through Mr. C. A. Bryant, paid Mr. Woods $50, after the accident, but the guaranty fund commission and the department of trade and commerce have at all times asserted that the illness which caused the death of the deceased was Bright's disease, and in no wise caused by the alleged accident.

The said Charles D. Woods filed a petition before the compensation commissioner, but before a hearing thereon the said Woods dismissed said petition with prejudice to any further action thereon, and the compensation commissioner entered judgment, dismissing the action, on January 17, 1929.

The day before said Charles D. Woods and wife filed a petition in the district court for Lancaster county, in which it is set out that they elected to proceed at common law for damages in the sum of $5,000 against the guaranty fund commission. At the same time, to wit, January 16, 1929, the plaintiffs, through their attorneys, Burkett, Wilson, Brown, Wilson & Van Kirk, entered into a stipulation for a settlement and dismissal of said suit with I. D. Beynon, attorney for defendant, in which a payment of $1,200 was made and accepted, and the action dismissed with prejudice.

Thereafter the two actions now on trial were brought before the compensation commissioner, and from his decision, entered September 27, 1929, appeals were taken to the district court, where a trial was had.

The questions to be determined before the district court were, first, whether Woods received injuries as claimed; second, the validity of the dismissal of the case by Woods before the commissioner without hearing; and, third, whether the dismissal of Woods was binding upon his wife under the statute upon dependents, section 48-124, Comp. St. 1929.

The district court held in effect that the dependents of the injured employee are not necessary parties in interest in an action for compensation brought during the lifetime of such employee. His settlement of such an action, with prejudice, while in full possession of his mental faculties, and in the absence of fraud, is binding to that extent upon his dependents.

The trial court finds that Woods was represented by able lawyers and that there was much dispute in their minds whether this was a matter falling under the workmen's compensation law or created a liability at common law. The defendant insisted that it was not liable under either, but made settlement to avoid litigation. The settlement was made by Woods when he was in full possession of his mental faculties and joined in by his wife, and the court held that this settlement was binding upon all parties. A discussion of the many cases cited in the briefs would not add any new law to this subject, and the judgment of the district court of dismissal is therefore

AFFIRMED.