SOUTHERN SURETY COMPANY, APPELLANT, V. JOHN PARMELY, APPELLEE.

FILED APRIL 24, 1931. No. 27824.

*Dressler & Neely* and *B. Ready & Son,* for appellant.

*H. E. Burkett, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This proceeding was brought under section 48-142, Comp. St. 1929, upon the application of the insurance carrier to be relieved of making any further payments to the injured employee, alleging that he has entirely overcome the effects of whatever injuries he received. Trial was had and the district court denied the application.

The Southern Surety Company of New York carried the liability insurance for the city of Hartington, Nebraska.

John Parmely, aged 64 years, weighing about 200 pounds, employed as a night watchman for said city, was in a restaurant on the night of April 17, 1926, and arrested a drunken man, and just outside the building they had a scuffle which caused Parmely to fall on the upraised knee of the man, striking his stomach a hard blow over this knee, from which he fell to the sidewalk. The night watchman was removed to his home, and the attending doctor testified that he sustained injuries to his back and spine and numerous ruptures, constituting a multiple hernia, about the stomach; that during the next few days he found considerable blood in the urine, caused by injury to the bladder or kidneys.

An award was made February 15, 1927, by the compensation commissioner, and upon appeal the district court entered a finding "that John Parmely, plaintiff, while engaged in the performance of his duties as an employee of the defendant, the city of Hartington, Cedar county, Nebraska, on the 17th day of April, 1926, sustained personal injury, and that said injury is permanent and totally disables the plaintiff, and that the nature and extent of which was such as to entitle him to compensation under the provisions of the Nebraska workmen's compensation law," and ordered "that the plaintiff shall have and recover from the defendants the sum of fifteen dollars ($15) each week from and including the 18th day of April, 1926, for three hundred (300) weeks, and after the first three hundred (300) weeks for the remainder of his life eleven dollars and twenty-five cents ($11.25) per week, or to and until disability shall have ended; the same being allowed on account of permanent total disability."

The finding and judgment was affirmed in this court by the supreme court commission, and payments had been made to said employee up to September 9, 1930, in the sum of approximately $3,500, including hospital and medical expense, when payments were discontinued and this application filed.

In the present trial medical experts for the insurance carrier testified that they could find no evidence of the

original injuries and that he could resume his former employment. However, the evidence disclosed that within a short time after the injury a diabetic condition developed, which medical testimony in behalf of the employee indicated might have resulted from a blow to the tail of the pancreas at the time of the original injury. This was denied by the other witnesses, who claimed that a blow sufficient to injure the pancreas would produce a profound collapse in the patient, which had not occurred.

The employee testified he had been examined prior to the accident and no sugar had ever been found in his urine and he had never had diabetes prior thereto. He said he was not able to work and if he stood on his feet for any length of time he became sick and vomited. His weight had gone down to 155 pounds at the present time.

1. The trial court had the advantage of seeing and hearing the injured employee upon the witness-stand and studying the medical experts under direct and cross-examination. Where testimony is conflicting, the conclusions reached by the trial court are entitled to careful consideration. *Enterprise Planing Mill Co. v. Methodist Episcopal Church,* 100 Neb. 29.

Section 3060, Comp. St. 1922, provided that the judgment should be final and conclusive unless reversed or modified on appeal, and under this section the judgment of the district court was held to be final on review when supported by sufficient evidence. *Selders v. Cornhusker Oil Co.,* 111 Neb. 300; *Young v. Johnson & Blind,* 113 Neb. 149; *Travelers Ins. Co. v. Ohler,* 119 Neb. 121; *Miller v. Morris & Co.,* 101 Neb. 169; *Manning v. Pomerene,* 101 Neb. 127; *Tragas v. Cudahy Packing Co.,* 110 Neb. 329.

But section 3060, Comp. St. 1922, was amended in 1929 (Laws 1929, ch. 81) and the section is now found as section 48-137, Comp. St. 1929, which provides that upon appeal the supreme court shall consider the case *de novo* and enter a final judgment determining all questions of law and fact. Yet, when the testimony of the witnesses upon the vital question involved is conflicting, this court will, while trying the case *de novo,* consider the fact that the trial court

observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. *Jones v. Dooley*, 107 Neb. 162.

2. The allowance awarded a workman in a lump sum is not subject to modification as in the case of periodical payments. *Bailey v. United States Fidelity & Guaranty Co.*, 99 Neb. 109. But after six months from the date of the award application may be made by either party to increase or decrease the payments. Comp. St. 1929, sec. 48-142.

Complete notes will be found in Ann. Cas. 1916E, 889, and in Ann. Cas. 1918B, 733, citing many of the English cases and decisions from California, Illinois, New Jersey, Minnesota, New York and other states upon the increase, decrease or termination of such awards. See *Updike Grain Co. v. Swanson*, 103 Neb. 872; *Hanley v. Union Stock Yards Co.*, 100 Neb. 232.

3. Appellant contends that defendant has entirely failed to support his claim of total disability, and that he simply seeks to become a life pensioner because of the development of diabetes, which is in no way connected with the original accident, and that the Southern Surety Company should be relieved of these payments.

However, this action is an application brought by the insurance carrier to terminate payments ordered for life by the district court and affirmed by this court, and the burden of proof is in this hearing upon the applicant to support its claim that such payments should now terminate.

4. The law as found in section 48-142, Comp. St. 1929, does not appear to limit the number of such applications which may be made by the insurance carrier.

Each attempt to decrease or terminate payments ordered will put the injured employee to delay in receiving his payments and to expense of employing an attorney, and, as the workmen's compensation law should be liberally construed, this court hereby taxes an attorney's fee of $100 to be paid to appellee as part of the costs in this court.

5. In the opinion of the trial court the insurance carrier failed to sustain the burden of proof on the allegations

of the application, and from an examination of the record in this case we are satisfied that the finding and order of the trial court was right and the same is hereby

AFFIRMED.