Nellie Welton, Administratrix of the Estate of
Elihu L. Welton, appellant, v. Swift & Company, Appellee.

Filed October 27, 1933. No. 28818.

*Howard Saxton, Henry S. Weisberg* and *John E. Eidam,*
for appellant.

*George H. Winn* and *Brown, Fitch & West, contra.*

Heard before Goss, C. J., Rose, Good, Day and Paine,
JJ., and Shepherd, District Judge.

Paine, J.

This is an action for workmen's compensation for the
widow and dependent child of Elihu L. Welton, in which
the claim was rejected by the compensation commissioner,
and also rejected upon hearing in the district court.

The record discloses that the deceased husband was em-
ployed as night watchman for Swift & Company at its
ice house near the city of Ashland, and on October 11,
1925, fell while so employed, fracturing several ribs, and
was laid up for about two months. That on November
9, 1925, he was paid compensation by Swift & Company
in the sum of $15, together with a doctor bill in the sum
of $20, at which time he signed a final settlement receipt.
He then continued in the employ of Swift & Company,
working almost continuously, to October, 1926, and his

death occurred three years later, to wit, November 27, 1929. The petition was filed June 15, 1931. To this an answer was filed, alleging that deceased was fully compensated, and signed a release in full settlement and satisfaction of all claims for compensation, and further alleging that he had fully recovered from the injuries, and that his death was due to natural causes, and in no way connected with the injuries. Defendant also charges that no claim or demand for compensation was made by the plaintiff upon the defendant for more than six months after the death of said Elihu L. Welton, as required by section 48-133, Comp. St. 1929, and alleges that plaintiff filed a petition for a hearing before the compensation commissioner, which hearing was held on April 16, 1931, and thereafter the commissioner dismissed the plaintiff's action on the ground that no demand for compensation had been made within six months of the date of the death of the employee, and that, therefore, the compensation commissioner was without jurisdiction.

Hearing was had before the district judge on January 12 and 13, 1933, and on February 22, 1933, after briefs had been filed, the trial judge entered a decree, finding that no notice had been given to the defendant company that plaintiff claimed a compensation, either for herself or other dependent, prior to the filing of the petition before the compensation commissioner. The court further found that the accident suffered by Elihu L. Welton did not produce the heart condition from which he suffered thereafter, but that such heart condition existed prior to the time of the accident, nor did such accident aggravate the heart condition, but that such heart condition, from which he was suffering prior to the time of the accident, gradually grew worse, and continued up to the time of his death. The court finds that the death of said Elihu L. Welton did not result from the injuries received by him on or about October 11, 1925, and the district court thereupon dismissed the plaintiff's petition and cause of action, and affirmed the findings and judgment

of the compensation commissioner. Thereupon, a motion for a new trial was overruled on March 14, 1933.

■ The testimony shows that no notice or claim of any kind had been given to the company of continuing injuries from his first accident, for which he had signed a release on November 9, 1925. No notice of injury or claim for compensation was filed within six months with the compensation commissioner, or served upon the employer, as required by section 48-133, Comp. St. 1929, nor was a petition filed within one year after the death of the employee, as required by section 48-138, Comp. St. 1929.

■ The deceased, while in full possession of his mental faculties, and in the absence of fraud, made a settlement with the company, and signed a release, and this was binding upon his dependents. Comp. St. 1929, sec. 48-124; *Bliss v. Woods*, 120 Neb. 790.

■ Under the evidence and the law in this case, the deceased could not have recovered additional compensation for the injury occurring October 11, 1925, if he had lived; therefore, his dependents cannot recover therefor after his death. *Good v. City of Omaha*, 102 Neb. 654; *Bartlett v. Eaton*, 123 Neb. 599; *Samland v. Ford Motor Co.*, 123 Neb. 819; *Kurtz v. Sunderland Bros. Co.*, 124 Neb. 776.

In the opinion of this court, this action is barred by the sections of the statute hereinbefore cited, and the judgment of the trial court is correct, and is hereby

AFFIRMED.