ANNA AMOS, APPELLANT, V. VILLAGE OF BRADSHAW, AP-
PELLEE.

FILED MARCH 8, 1935. No. 29397.

*Bruce Fullerton,* for appellant.

*Sanden, Anderson & Gradwohl,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE
and CARTER, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.

This is a compensation case to be tried *de novo* in this
court.

John Amos died as a result of cancer February 6, 1934.
The action is brought by his widow. The district court
found, in effect, that the cancer did not arise from any
injury received in the course of employment.

The pleadings show that John Amos was injured May
10, 1932, in the course of his duties, by falling off an
electric light pole; that at such time he was an electrician,
city marshal and street and light commissioner of the
village of Bradshaw, Nebraska; that his salary as such
was $90 a month; that he received medical aid for his
injuries, and the stipulation of the parties is that he was
paid compensation by the village for two months. The
pleadings further show that he returned to work about
one month after he was injured; that a year later, com-
plaining of hemorrhoids, he presented himself to a physi-
cian who ultimately diagnosed the trouble as cancer and
took Amos to a firm of surgeons, Bell & Bell, at York, and
that the latter performed an operation, removing the dis-

eased parts, June 26, 1933. The appellant contends that the cancer was caused by injuries received May 10, 1932.

The appellee contends that, since the pleadings agree that the deceased was street and light commissioner, and injured in his occupation as such, no recovery at all can be had. *Suverkrubbe v. Village of Fort Calhoun*, 127 Neb. 472. Citing, also, an almost identical case in the facts, decided by the supreme court commission in *Heine v. Phoenix Indemnity Co.*, No. 27756. Appellee further contends and proves that October 7, 1932, the village paid to Amos $54.60 as final settlement and received his receipt and release therefor; that no one contends that the release was obtained by fraud or mistake, and the same is binding on his dependents—citing *Welton v. Swift & Co.*, 125 Neb. 455; *Bliss v. Woods*, 120 Neb. 790. We prefer to rest our decision, however, on the merits of the case, for we feel that the appellant has failed to establish to any degree of reasonable certainty that the cancer from which Amos died was caused by the injury he received in his occupation. On the other hand, we feel that the evidence preponderates in favor of the appellee in that respect.

With the exception of the testimony of the wife, the record is devoted to testimony by physicians and surgeons. The wife's testimony establishes the fact that Amos was confined to his bed from May 10 to June 18, 1932; that he then returned to work, but was not well; that he passed blood both in urine and from the bowels during confinement; that he continued to suffer in the latter respect and with pain so "he couldn't sit" to the time of his death; that his weight decreased "right along;" that his pain was across the hips and in the rectum; that his buttocks were sore; that Amos was strong and healthy before the accident. It is claimed that, in falling from the electric light pole, Amos fell on his buttocks, but there is no proof to that effect in the record. The testimony is that the cancer was in the sigmoid region of the colon, about four inches from the rectum. The expert for the appellant infers from the foregoing facts that the cancer was caused by

the fall and also that, if a cancerous condition existed, the fall aroused the same to activity. The expert for the appellant never saw the deceased. The two doctors who performed the operation, removing the cancer, testified definitely that particular type of cancer could not be caused or affected by a fall, and that Amos' fall could not have caused any cancer in the sigmoid region of the colon. And another expert, who classifies himself as an authority on cancer, states very positively that this particular type of cancer—epithelial, a carcinoma—is neither produced nor affected by injury or a blow.

From a careful analysis of all the testimony, we are strongly inclined toward the belief that the condition from which Amos died was one not caused by injury sustained by him a year before his operation. The best that can be said is that we are left in serious doubt that this particular type of cancer could be caused or affected by a blow or in any measure have been due to the injury which Amos received. In this view of the situation, the appellant has not established the facts to that degree of certainty which we have required in this jurisdiction. *Saxton v. Sinclair Refining Co.*, 125 Neb. 468; *Huffman v. Great Western Sugar Co.*, 125 Neb. 302. If our conclusion depended upon seeing the witnesses, we would then be confronted with the proposition that the trial court had the better opportunity of weighing the value of their testimony; and since he found for the appellee, he must have accepted the version of appellee's witnesses, rather than that of the one expert for the appellant. *Johnson v. Erickson*, 110 Neb. 511; *Southern Surety Co. v. Parmely*, 121 Neb. 146.

Having reached the foregoing conclusion, it follows that the judgment of the trial court is right and is

AFFIRMED.