ETHEL PATTERSON MILTON, APPELLANT, v. CITY OF GORDON ET AL., APPELLEES.

FILED NOVEMBER 15, 1935. No. 29181.

*Montgomery, Hall & Young, Laurens Williams* and *John J. Olsson,* for appellant.

*E. D. Crites, F. A. Crites* and *Lloyd H. Jordan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is a suit brought by appellant under the workmen's compensation law to recover for the death of her husband. From an adverse judgment appellant brings the case to this court on appeal.

The evidence in this case shows that Earl L. Milton, the deceased, was the city marshal and street commissioner of the city of Gordon, Nebraska. It further appears that on April 19, 1932, Milton and one Roy Denny pursued and attempted to arrest the occupants of a truck they suspected of carrying intoxicating liquor contrary to law; that during the pursuit of the truck, and while driving north at a speed of 35 to 40 miles an hour, on one of the streets of Gordon, Milton's car struck a hard surface street crossing which was some 20 inches higher than the level of the street to the south; that Milton's car went over the crossing bouncing and swinging and thereby jarring and jolting the occupants thereof. The evidence shows that Milton's car slipped into the ditch shortly after crossing the street crossing, which permitted the truck and its occupants to escape. Milton then drove his car down-town where he discussed the affair with a number of citizens, pointed out to them some bullet holes in the radiator of his car .and called the sheriff at Rushville to come to Gordon and aid in the pursuit.

It is further shown by the evidence that Milton was a man about 5 feet 5 inches in height, weighed about 200

pounds and was about 43 years of age. He was described as very fleshy, with an exceptionally large abdomen and short legs. The evidence discloses that his abdomen was so large that it rested against the steering wheel when he was driving his car. Prior to the date in question, the deceased had been troubled with constipation and gas on the stomach. The record also establishes the fact that Milton had previously been bothered with appendicitis and undoubtedly was subject to appendicitis attacks. He worked the nights of April 19, 20 and 21 following the affair out of which the accident is alleged to have arisen. On April 20 he appeared to be suffering some pain and complained of his stomach bothering him. He came home in the middle of the night of April 21 and went to bed. A doctor was called at noon the next day. He was taken to the hospital on April 23, was operated on and a ruptured gangrenous appendix removed early in the morning of April 25, and died on April 28. At the time of his death he was suffering with peritonitis, obstruction of the bowels and appendicitis. It is the contention of appellant that the deceased suffered an injury on April 19, 1932, when he crossed the street crossing, while pursuing the truck heretofore referred to, by being thrown against the steering wheel of his Ford car, causing injuries to his abdomen. Appellant contends that the deceased was previously afflicted with "chronic appendicitis" that was lighted up by the injury sustained, thereby causing his death.

Appellee contends that there is no proof that the deceased was injured as alleged. It is clearly the law of this state that, in a suit under the workmen's compensation act, the burden of proof is upon the employee to establish that his disability was caused by an accident arising out of and in the course of his employment. *Amos v. Village of Bradshaw,* 128 Neb. 514; *Huffman v. Great Western Sugar Co.,* 125 Neb. 302; *Saxton v. Sinclair Refining Co.,* 125 Neb. 468.

A more detailed examination of the evidence as to the happening of the accident out of which the injury is claimed to have arisen shows that the deceased made no claim of

injury to his companion Denny at or immediately after the hitting of the crossing. There is testimony to the effect that the deceased was nervous and his eyes bloodshot when he came down-town a few minutes after the accident, although this is disputed by other witnesses who were there. The evidence shows that shots were exchanged at close range during the pursuit which appellee claims were the cause of the nervousness of the deceased. Denny testifies that he did not see the deceased strike the steering wheel of the car nor did the deceased say that he had done so. There is no evidence in the record that any one saw any evidences of injury on the abdomen of the deceased. The only evidence in the record tending to connect the accident with the injury is a statement made by the deceased to the sheriff, as follows: "Man, I sure hurt myself in the guts as I went over that crossing there." The record shows that this statement was made after the pursuit of which the claimed accident arose was over, after the discussion on the street by the deceased and various citizens of the town and while the deceased and the sheriff had again taken up the pursuit some 25 or 30 minutes later. Appellant claims this to be a part of the *res gestæ*. To this we cannot agree. The statement in question was clearly a narrative of a past transaction or event. It was not a spontaneous or involuntary statement made during the happening of the event in proof of which it is offered as evidence. Neither is it contemporaneous with the event of which it is alleged to be a part. The statement is not a part of the *res gestæ*. It is merely a self-serving statement and as such is not competent evidence. It should have been excluded by the trial court.

There is evidence in the record that the striking of deceased's abdomen by the steering wheel of the car might and probably would light up the preexisting abdominal condition of the deceased. The evidence shows that, in the opinion of the expert witnesses produced by the appellant, the preexisting abdominal condition was lighted up by a physical injury to deceased's abdomen. The evidence of the

892

appellee was to the contrary. Even so, appellant must show that any such injury arose out of and in the course of the employment. The evidence of the medical experts of both parties concedes that there are many other ways that the preexisting condition could have been lighted up besides the one contended for by appellant. After a consideration of the whole evidence, we come to the conclusion that a decree for appellant, if one could be granted, would have to be based on speculation and probability. The evidence shows that appellant's contention that the deceased was injured by striking the steering wheel of his car is based upon the possibility that it could have happened at that time and place or the probability that it did occur as alleged. This court has held many times that awards of compensation cannot be based on possibility, probability, speculation or conjecture. Cases particularly in point, and which sustain our holding in this case, are *Amos v. Village of Bradshaw, supra,* and *Huffman v. Great Western Sugar Co., supra.* We therefore conclude that the evidence will not sustain a finding that the deceased sustained an injury arising out of and in the course of his employment within the meaning of the compensation law. The evidence being insufficient to sustain an award, it will not be necessary to consider other errors relied upon for a reversal. The trial court arrived at a proper conclusion and was right in dismissing appellant's petition. The judgment is

AFFIRMED.