SADIE MUFF, APPELLANT, v. CARL H. BRAINARD ET AL.,
APPELLEES.

35 N. W. 2d 597

Filed January 14, 1949. No. 32551.

*Fred N. Hellner,* for appellant.

*Lee & Bremers* and *Richard W. Lee,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a claim for compensation under the Workmen's
Compensation Act. The trial court denied the claim
and the plaintiff appeals.

The evidence shows that on May 15, 1947, Charles
Muff was employed by the defendant Brainard as a
carpenter. On that day Muff and Brainard were work-
ing on a new house. At the time of the alleged accident
Muff was on the roof and Brainard was passing boards
up to him. The record shows that the boards were 8
to 20 feet long, 8 inches wide and three-quarters of an

inch in thickness. It was the usual type of lumber used for sheathing purposes. On the day following, Muff reported to Brainard that he had a hernia and Brainard in turn advised his insurance carrier of the fact. There is no evidence of an accident occurring or of any statement or outcry that anything out of the ordinary had occurred during the course of the employment. No attempt was made to show what Muff was doing or the occurrence which is claimed to constitute an accident. Muff continued to work without complaint until his regular quitting time at 4 p. m. on the day the accident is alleged to have occurred.

Sadie Muff testifies that Muff was pale, worn, and doubled over on arriving at his home after the day's work was completed and that she observed the hernia at that time. She testifies that Muff did not have the hernia when he went to work that morning. The evidence shows that Muff borrowed a truss from a neighbor and continued working for several months. On February 21, 1948, Muff was operated on for the correction of the hernia. The operation was apparently successful and the patient was on the way to recovery when he suffered a pulmonary embolism and died very suddenly. We think the evidence sufficient to support a finding that the pulmonary embolism directly resulted from the hernia operation.

The plaintiff offered in evidence the first report of the alleged accident filed with the workmen's compensation court. This report was not competent evidence to prove an accident. It was dated on May 26, 1947, a date long after the alleged accident. It was made pursuant to the requirements of the workmen's compensation court and contains the express stipulation that the "Filing of This Report is Not An Admission Liability— Only a Report of the Alleged Accident or Occupational Disease." While it might have been admissible to prove notice if that had been an issue, which it was not, it was not admissible to prove an accident arising out of

and in the course of the employment. It is hearsay evidence and inadmissible as such.

Plaintiff also offered evidence as to the contents of a report made by Muff to a representative of the defendant which purported to show the facts and details of the alleged accident. This report is clearly a narrative of past events and not competent to prove the happening of an accident.

An accident is defined by the compensation law in the following language: "The word 'accident' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." § 48-151, R. S. Supp., 1947.

There was no evidence of an accident nor objective symptoms of an injury as required by the Workmen's Compensation Act. Mere exertion which is not greater than that ordinarily incident to the employment cannot of itself constitute an accidental injury. Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1; Roccaforte v. State Furniture Co., 142 Neb. 768, 7 N. W. 2d 656. An award of compensation cannot be based on possibilities or probabilities. It must be based on competent evidence that the claimed injury resulted from a compensable accident, an accident arising out of and in the course of the employment. Hassmann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592; Hamilton v. Huebner, *supra*. Declarations of a person which are merely narratives of past transactions, made after the transaction to which it relates has been fully completed and shown not to have been spontaneously and involuntarily made, are not admissible in evidence as a part of the res gestae. They are self-serving statements and not admissible as such. Milton v. City of Gordon, 129 Neb. 888, 263 N. W. 208; Hamilton v. Huebner, *supra*. Hearsay evidence is not admissible in a workmen's com-

pensation case any more than in any other type of case. The foregoing rule is no different because the death of the employee alleged to have suffered a compensable accident has made it difficult of proof. Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500; Shold v. Van Treeck, 88 Neb. 80, 128 N. W. 1134.

Under the foregoing rules the plaintiff has failed to prove by a preponderance of the evidence that Muff suffered an accident arising out of and in the course of his employment.

AFFIRMED.

PAINE, J., not participating.