CHARLES F. KRELLE, APPELLANT, V. ROY BOWEN ET AL., APPELLEES.

FILED FEBRUARY 21, 1935. No. 29176.

*Carroll O. Stauffer* and *John A. McKenzie,* for appellant.

*W. M. Hopewell, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

CARTER, J.

This is an action brought by appellant in the district court for Burt county. to set aside an assignment of a judgment which had been obtained by the appellant against his son C. F. Krelle, Jr., and Hugo Erickson in the amount of $2,231.20. At the time of the making of the assignment in question, an execution had been issued and levied on the undivided one-half interest of Erickson in 406 acres of farm land in Burt county and the land was being advertised for sale. The undisputed evidence was that it was worth $70 an acre and that the undivided one-half interest of Erickson was encumbered, including the judgment heretofore mentioned, to the extent of $6,800.

The record discloses that on September 7, 1933, the appellees Roy Bowen and Luther A. McDonald and their attorney, Orville Chatt, called at the law offices of Fischer & Fischer in Omaha for the purpose of purchasing the judgment above mentioned, Fischer & Fischer having been the attorneys for appellant in procuring the judgment. It appears that Krelle, Sr., was confined to his home because of illness. William Krelle, another son of appellant who resides in Omaha, was called to the office where Chatt made an offer of $1,100 for the judgment. The Fischers informed them that they did not believe that Krelle, Sr., would accept the offer. However, William Krelle and Herbert Fischer went to the home of Krelle, Sr., and talked the matter over with him. They were informed by Krelle, Sr., that he wanted $1,500 for the judgment, but for them to do the best they could. On their return to the office, they offered to sell the judgment for $1,250, which was refused, and they finally accepted an offer of $1,119.50 and the assignment was then made. On September 25, 1933, this suit was filed to set aside the assignment because of alleged fraudulent representations made to the Fischers and William Krelle, and which were claimed to have been communicated to appellant, as to the condition of the land and improvements on which the judgment was a lien. The trial court found for the defendants below and appellant brings this appeal.

Appellant was 78 years of age at the time the assignment was made and testified that he was not familiar with land values and that he had never been engaged in farming. The Fischers and William Krelle testified, in substance, that Bowen stated that he was a close relative of Erickson, one of the judgment debtors, and that they wanted to purchase the judgment and hold it for Erickson so that he could save the farm; that the outbuildings were run down and needed paint; that the farm had not been properly taken care of and was all run down, and that it would not bring over $1,000 above the mortgage. William Krelle and the Fischers testified that they believed the statements made and relied upon them. The testimony is that all of the alleged fraudulent statements were conveyed to appellant and relied on by him.

The testimony of Bowen, McDonald and Chatt is that Bowen was a first cousin of Erickson's wife, that they made an offer of $1,100 for the judgment and refused to consider paying more than that amount. They testified that statements were made that the improvements on the farm needed repairing, but made no statements concerning the value of the judgment or of the land against which it was a lien. The balance of the evidence of appellees was to the effect that the statements alleged by appellant to be fraudulent were not made.

It appears from the record that appellant had been represented by Fischer & Fischer for several years in attempting to collect the money due him from Erickson and C. F. Krelle, Jr. They had made investigation of the records of the register of deeds before having the levy made upon the land. It would seem that they should have known something about this land. The evidence shows that Krelle, Sr., was badly in need of money. He believed, according to the testimony, that the judgment was worth from $1,500 to $1,700. He consulted William Krelle and Herbert Fischer before selling for the $1,119.50. We do not believe that the record discloses any overreaching on the part of appellees. They went directly to the office of

Fischer & Fischer to try to buy this judgment with the knowledge that they were attorneys for appellant. Their actions do not sustain the proposition that they were intending to take any advantage of appellant.

It is further argued that the equity in the land was ample and that the judgment was worth its face value. The evidence does show an equity of approximately $7,000 in the land which could be subjected to the judgment. It was, however, an equity in an undivided one-half interest. The possibility of litigation and other expense in collecting the judgment are items to be considered in determining its value. There can be no question that the judgment was not worth its face value at the time the assignment was made; how much less we cannot say. We have made no attempt to set out all of the evidence, but suffice it to say that the evidence on the part of appellant not set out herein is in direct conflict with that of appellees. This court has held: "While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying." *Johnson v. Erickson*, 110 Neb. 511. The alleged fraudulent statements of appellees have not been proved by a preponderance of the evidence. The appellant had the advice of his son, William Krelle, and of two competent attorneys who had made some investigation of the facts in order to enforce collection. The fact that the transaction was highly successful from the standpoint of the appellees, they having collected the judgment in full, cannot change the situation. The purchase of a judgment is often a transaction involving a risk that could easily result in loss. The evidence shows that the parties dealt at arms length and that there were many offers to sell that were rejected. It is quite apparent from the record that Krelle, Sr., wanted

this judgment sold for the best price he could obtain. In our opinion the appellant has failed to prove that the assignment was procured by fraud and misrepresentation. This court has held: "Fraud is never presumed, but must be clearly proved in order to entitle a party to relief on the ground that it has been practiced on him." *Davidson v. Crosby*, 49 Neb. 60.

After a consideration of all the evidence, we find that the trial court arrived at the proper conclusion. The judgment of the district court is

AFFIRMED.