HANNAH E. AMY, APPELLANT, V. RUBY MANN ET AL., APPELLEES.

287 N. W. 84

FILED JULY 18, 1939. No. 30622.

*Porter, Skaggs & Porter,* for appellant.

*F. S. Baker* and *Charles A. Fisher, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This is an equity action, brought to set aside two assignments of real estate mortgages made by the plaintiff to defendant Ruby Mann, her granddaughter, on the ground of undue influence. After hearing the evidence, the trial court dismissed the action, and entered judgment that the Tipton and Baker notes were the property of the defendant Ruby Mann. The plaintiff appeals. The motion for a new trial set out as grounds for reversal that the decision was not sustained by sufficient evidence, was contrary to law, and for errors of law occurring during the trial.

On September 6, 1933, plaintiff filed an action in equity to set aside two assignments of real estate mortgages which she had made to her granddaughter. Plaintiff alleged that the defendant Ruby Mann was her granddaughter, and made her husband, John E. Mann, also a defendant; that Ruby Mann, when a very young child, was given into her charge as her grandmother, and that she raised, clothed, and schooled her as she would her own daughter; that about five years before the petition was filed, the plaintiff, being a widow with considerable means, was induced by Ruby Mann and her husband to go to Sioux county, Nebraska, and make her home with them, where she continued to reside until the month of July, 1933; that Ruby Mann and her husband induced plaintiff to purchase, in the name of her

granddaughter, Ruby Mann, a rental property in Sioux county, the rents from which were collected by the plaintiff herself for some time; that on October 12, 1931, plaintiff loaned $600 to Mrs. Avis Tipton at 8 per cent., which was secured by a mortgage upon a property in the village of Harrison; that on January 5, 1933, plaintiff loaned B. N. Baker $1,080, which note was also signed by F. S. Baker, this loan being secured by a mortgage executed and delivered by the defendants Baker to the plaintiff as mortgagee upon 775 acres of land more or less in Sioux county; that during the summer of 1932 the plaintiff became bedfast at the home of the defendants Mann, and was attended by doctors and nurses, and it was thought that she would not recover. She charges that on March 20, 1933, an assignment of the Tipton mortgage was made, which purported to have been signed and acknowledged by her on June 30, 1932, to defendant Ruby Mann, and there was recorded an assignment to Ruby Mann of the Baker mortgage, purporting to have been signed and acknowledged by her on January 9, 1933; that she has no recollection whatever of having signed or executed said assignments; that if said instruments were actually signed by her, her signature was secured by undue influence of the defendants Mann, or one of them, wholly without consideration; that the defendants have never paid or accounted to plaintiff for any of the money or property represented by said instrument; that the mortgagors threaten to pay the amount of the mortgages to the defendant Ruby Mann as assignee, and will do so unless restrained by an order and injunction of the court, and plaintiff prays that the defendants Mann be required to account for all of the property hereinbefore described, and that a decree be entered quieting title thereto in the plaintiff as against defendants Mann, and that a lien be impressed upon the property of the Manns.

To this petition a motion to strike and a demurrer were filed, which were overruled by the court, and leave given to make certain amendments to the petition, which were made by interlineation.

Hannah E. Amy, plaintiff, died in Council Bluffs on July 16, 1934, leaving a last will, which was probated in the district court for Pottawattamie county, and W. E. Mumby, of Sioux county, was appointed administrator with will annexed, and this action was revived in his name.

On August 7, 1936, the defendants Ruby Mann and John E. Mann, her husband, filed answer, admitting the death of the plaintiff, the relationship of the parties, and alleging that the grandmother had returned to Sioux county and solicited and received care and the comforts of a home from her granddaughter until July, 1933, when she was spirited away by an invalid nonresident daughter during the absence of the Manns from their home; that on April 21, 1927, the plaintiff grandmother had conveyed to Ruby Mann lot 6 in block 7, village of Harrison, for love, affection, care, nurture, and making a home for the frail old lady by her affectionate grandchildren, where she remained for more than five years, and that this care was equal to the cash value of the premises conveyed by deed; that this conveyance was made upon the initiative of the grandmother, and in consideration of providing a home for her.

Defendants admit, as charged in the petition, that assignments were made of the two mortgages to Ruby Mann, and that such assignments were duly recorded, and allege that such assignments were made by the plaintiff in good faith, and that she was then of sound mind. Defendants deny that said Hannah E. Amy, the grandmother, ever since the date thereof had in her possession and custody the note given by Avis Tipton, or the note given by B. N. Baker.

The defendants Mann say they are solvent and of sufficient financial ability to answer any judgment which may be recovered against them; that they now own unencumbered real estate and personal property of a sum of not less than $20,000, which is subject to execution, and ask that the title and possession of Ruby Mann to the negotiable paper, and securities assigned to her, be confirmed. The reply was a general denial.

The evidence of Hannah E. Amy was taken by deposition

in Council Bluffs on March 10, 1934. She testified that she lived with different relatives, and for some time at Harrison with her granddaughter, being her second daughter's daughter. She testified that she wanted to lend her money out, because she had been through one bank failure, and thought farm mortgages would be better; that she loaned $600 to Mrs. Avis Tipton, for which she received a mortgage. She did not know for sure whether the exhibits her attorney offered her were the proper papers or not; did not know to whom Mrs. Tipton paid her interest money.

She testified that she loaned $1,100, "or pretty near," to B. N. Baker, and that they gave a note and mortgage for it; that the land was located a little west and north of Harrison, adjoining Harrison. She says that she thinks the Manns had or stole the mortgage; that they did the same thing once before. She says that the Baker note was not paid, and denied that she ever gave or sold it to the Manns.

On cross-examination she told of the various members of her family, and the difficulty some of them had getting along; said that she had a will made out at Harrison, and Baker, as her attorney, wrote a will for her. On cross-examination she testified that she did not recall going to Mr. Baker's law office to make out assignments of the mortgages. She admitted that there had never been any difficulty, or any bad feeling, between her and her granddaughter Ruby until after she got sick in Ruby's house, "not until I found out;" that before that the grandmother trusted her in everything; that she always trusted attorney Baker, and that he told her that Ruby had an assignment of the mortgages. She said that she did not learn anything about it until March, 1933, and that she was sick then.

Her answers disclose her great age and feeble condition at the time the deposition was taken in the dwelling-house of plaintiff. Many questions had to be asked her several times, and then failed to elicit direct or pertinent answers. The whole deposition indicated a mind distracted by family troubles, and failing in many respects.

F. S. Baker testified that he had lived in Harrison 28

years, during all of which time he had been in the practice of law; that he handled law business for the plaintiff, and that on June 30, 1932, the plaintiff, Mrs. Amy, came to his office, and he executed an assignment of the Tipton mortgage for her, being exhibit No. 10, and the other one, assigning the Baker mortgage, was executed January 9, 1933; that Mrs. Amy was there both times alone; that she used to often come to him for advice; that after he executed the two assignments he turned them over to her, and that is the last he saw of them.

Ruby Mann, defendant, testified that she had lived in Sioux county for 26 years; that she took over a relinquishment of her grandmother's homestead, and proved up on it; that her grandmother sometimes came out and lived with her on the homestead in the summer. She told about her grandmother saying that she was entitled to her mother's share in her property, and once she wanted her to consent to have a new will made out with certain changes, and defendant said, "No; I don't want any trouble with my aunt," saying that she had never been able to get along with her aunt. She testified that the first she knew of the assignments of the two mortgages which are in litigation in this case was when her grandmother brought the two assignments home from Mr. Baker's office and gave them to her, and said, "Babe, these are yours. Take care of them. The principal is to be yours after my death; the interest is to be mine as long as I live." She denied that there had ever been any solicitation of the grandmother to give her the assignments of these mortgages. She testified that her grandmother was in good health up to that time.

In this case the assignment of these mortgages to defendant Ruby Mann, as her deceased mother's share in the grandmother's property, was fair and reasonable, and was voluntarily made by the grandmother as a surprise to Ruby Mann, the evidence showing that she knew nothing about it until after both assignments had been made at the office of an attorney, and then brought up and delivered to her by her grandmother. At that time the grandmother was entirely

competent to do as she pleased with this property. 2 Restatement, Law of Contracts, 956, sec. 498.

" 'There is no fraud where there is nothing wrong, and fraud cannot be deduced or inferred from that which the law pronounces honest.' 12 R. C. L. 237, sec. 8." *Meyer v. Schmidt*, 135 Neb. 850, 284 N. W. 337.

In a recent case this court said: "Undue influence which will avoid a deed is an unlawful and fraudulent influence which controls the will of the grantor. The affection, confidence and gratitude of a parent to a child which inspires the gift is a natural and lawful influence, and will not render it voidable, unless this influence has been so used as to confuse the judgment and control the will of the donor." *Blochowitz v. Blochowitz*, 122 Neb. 385, 240 N. W. 586. With a slight change in the wording, this announced rule applies in every particular to the case at bar.

"The rights and liabilities of the parties having an interest in the subject-matter of an assignment are such as naturally follow from the operation of the rule that an assignment vests all the title in the assignee that the assignor possessed." 6 C. J. S. 1152, sec. 95.

While the testimony is somewhat conflicting, yet the trial court observed those witnesses who testified orally before him, and weighed their creditability, and accepted the version of the facts supported by the evidence of the defendant, and this fact has some weight with this court. *Southern Surety Co. v. Parmely*, 121 Neb. 146, 236 N. W. 178; *Krelle v. Bowen*, 128 Neb. 418, 259 N. W. 48.

The judgment entered by the trial court on September 15, 1937, finds generally in favor of the defendants and against the plaintiff, and further finds that the facts stated in the petition are not true, and the action should be dismissed. The court further finds that the money which has been paid into court, together with notes and mortgages, should be delivered to the defendant Ruby Mann.

From a reading of the bill of exceptions, we find no prejudicial error made by the trial court, and believe the

weight of the evidence supports the findings of the court, and the judgment of the trial court is hereby

AFFIRMED.

CARTER, J., concurs in the result.