CHITWOOD PACKING COMPANY, APPELLEE, V. MABEL WARNER ET AL., APPELLANTS.

295 N. W. 882

FILED JANUARY 10, 1941. No. 30918.

*Dryden, Dryden & Jensen*, for appellants.

*John M. Neff, Jr.*, and *R. E. Bannister, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and YEAGER, JJ., and ELDRED, District Judge.

PAINE, J.

Plaintiff, a wholesale packing corporation, on January 12, 1938, recovered a judgment in the district court, in the

amount of $358.54, interest and costs, against defendants, doing business as Outlaw Food Center, and operating a retail grocery store. Plaintiff assigned this judgment to one Delva Russell on January 24, 1938, for a valuable consideration. Delva Russell assigned the judgment to one R. E. Bannister for the purpose of collecting and enforcing the same, and for services rendered and to be performed by him. Execution was issued on the judgment.

Defendants moved to recall and quash the execution, for the reason that Delva Russell was acting as agent for defendants when she satisfied the judgment by using funds of the defendants and taking an assignment thereof to herself, when she had an understanding with defendants that the judgment was to be released; that Bannister, as assignee of Delva Russell, had knowledge of the facts, and is bound by all the equities in said judgment in favor of defendants.

The motion to quash the execution was overruled. From this order defendants appeal, contending that the court erred, first, in finding that no fiduciary relationship existed as between Delva Russell and the defendants; second, in finding that the judgment upon which the execution was based had not been paid.

Delva Russell lived with defendants and worked for them since 1932 in their home and store. She owned some property, and assisted with the collection of rents from real estate and apartments owned by defendants. An agreement was made to satisfy the judgment against the defendants heretofore set out. Mrs. Russell volunteered to, and did, procure a loan from a finance company, the loan being in the amount of $216, she giving as security a note and chattel mortgage on the household goods owned by defendants, and taking an assignment of the judgment to her as protection, with the acquiescence and consent of defendant Lewis Warner, who was desirous of getting rid of the matter. Considerable difficulty was experienced with this loan. The Warners left the store in charge of Delva Russell for a period of several months while they lived in Missouri, re-

turning on August 20, 1938. During that time she kept a record of the sales and transactions, collection of rents, and corresponded with the Warners on such business matters.

The evidence as to payments made on the loan is in direct conflict and not capable of being reconciled, as well as the claim made by defendants as to the amount of stock left in the store and the bills payable to the store, as against the evidence of Delva Russell, who claims to have replenished the stock at her own expense, and to have received nothing for her services but the privilege of investing money in the store, to her loss. The evidence is insufficient to show a fiduciary relationship between Delva Russell and defendants. Suffice it to say that the relationship as between the parties and the conduct of the business were most unnatural to be assumed by a stranger.

Having in mind the great conflict in the evidence in this case, as well as the state of the record, we have concluded that the following authority is applicable:

" 'Where the evidence is conflicting and cannot be reconciled, this court, upon a trial *de novo*, * * * will consider the fact that the district court observed the demeanor of witnesses and gave credence to the testimony of some rather than to the contradictory testimony of others.' *Cunningham v. Armour & Co.*, 133 Neb. 598, 276 N. W. 393." *Farmers Elevator Co. v. Peck*, 134 Neb. 305, 278 N. W. 499. See, also, *Southern Surety Co. v. Parmely*, 121 Neb. 146, 236 N. W. 178.

The judgment of the trial court is

AFFIRMED.