JEFFREY A. OGLE AND JOAN KAY OGLE,
HUSBAND AND WIFE, APPELLEES, V.
LINCOLN REAL ESTATE, INC.,
A NEBRASKA CORPORATION, DOING BUSINESS AS
CENTURY 21-LINCOLN REAL ESTATE, INC.,
ET AL., APPELLANTS.

310 N.W.2d 513

Filed September 18, 1981. No. 43379.

Watkins, Osborne, Scott & Keist for appellant Lincoln Real Estate, Inc.

Terry K. Barber of Johnston, Grossman, Johnston, Barber & Wherry for appellants Schwaninger.

C. Russell Mattson of Mattson, Ricketts, Davies, Stewart, Calkins & Buxbury for appellees.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and HASTINGS, JJ., and RICHLING, District Judge.

RICHLING, District Judge.

This is a suit in equity by Jeffrey A. Ogle and Joan Kay Ogle, husband and wife, against Lincoln Real Estate, Inc., a Nebraska corporation, a licensed real estate broker with its principal place of business in Lincoln, Nebraska; Henry W. Hart, a salesman employee of said company; and Edgar L. Schwaninger and Marilyn M. Schwaninger, husband and wife, owners of certain real estate which had been platted and divided into lots for the purpose of sale.

The action sought to cancel the conveyance of real estate and prayed for judgment against the defendants,

and each of them, for the amount of the purchase price paid by the Ogles for a certain lot, and for damages sustained through conduct of the defendants, together with interest and costs.

Trial was had. The trial court found that it had jurisdiction of the subject matter and the parties, and retained jurisdiction and entered judgment for the plaintiffs and against all of the defendants.

The defendants Schwaninger appealed and the defendants Lincoln Real Estate, Inc., and Henry W. Hart filed a separate appeal. We affirm the judgment of the District Court.

The Schwaningers laid out a development of certain real estate they owned in Lancaster County, Nebraska. They engaged the defendant Lincoln Real Estate, Inc., to sell lots in the development. The defendant Hart was employed as a salesman for Lincoln Real Estate, Inc.

The Ogles, in response to advertising done by the defendants, contacted Lincoln Real Estate, Inc., and Hart for the purpose of purchasing a lot on which they could erect a dwelling. Hart, with Edgar Schwaninger present, showed the Ogles the development and pointed out certain lots. Relying upon the representations made by the defendants, the Ogles purchased a lot. They paid the defendants the purchase price and received a deed. They then proceeded with their plans to erect a dwelling thereon. This included the drilling for a well, starting to construct an individual sewer system, obtaining a building permit, and applying for electric power and telephone service.

After some work had been accomplished, but before the dwelling was placed on the land, the Ogles were advised that they were proceeding on a lot other than the one which had been conveyed to them by the Schwaningers. The Ogles contend that the lot for which they received a deed was not the real estate which was represented to them as the real estate which they were purchasing, and that the lot which

was actually conveyed was not fit for erecting a dwelling thereon; that the Ogles had advised the defendants that their purpose in purchasing a lot was to build a dwelling thereon. The Ogles contend that the representations were falsely and recklessly made and that the Ogles relied on the truth of said representations, to their damage.

The trial court found "by clear and convincing evidence the plaintiffs have proved that they were sold by defendants what in reality was Lot 6 . . . but they were given a Deed by defendants to Lot 5 . . . ." The trial court further found that the defendants had recklessly misrepresented to the plaintiffs the location of the real estate in question, resulting in fraudulent conduct by the defendants, and that the plaintiffs relied on the misrepresentation. It was the further finding of the trial court that consequential expenses were incurred by the plaintiffs as a result of the conduct of the defendants.

The trial court granted judgment against the defendants, and each of them, for the amount of the purchase price paid by the plaintiffs to the defendants, and for such consequential expenses as the court found were incurred as a result of the conduct of the defendants, together with interest and costs. The judgment further provided that the plaintiffs should execute and deliver to the clerk of the court a quitclaim deed conveying Lot 5 to Edgar L. Schwaninger and Marilyn M. Schwaninger, husband and wife, as joint tenants with rights of survivorship, the same to be delivered by such clerk to the grantees therein upon payment of the judgment, costs, and interest as provided in said judgment.

The defendants contend that the trial court erred in finding reckless misrepresentation and fraud when the same was not sustained by sufficient evidence.

This was brought as a suit in equity. A money judgment was rendered therein. An appeal was taken to this court. This court retries the issues presented

to the court below upon the evidence presented in the bill of exceptions. Neb. Rev. Stat. § 25-1925 (Reissue 1979) provides: "In all appeals from the district court to the Supreme Court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the Supreme Court to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial de novo of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

This court has held in *Russo v. Williams*, 160 Neb. 564, 567-68, 71 N.W.2d 131, 136 (1955): "That rule is, however, subject: '* * * to the condition that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite.'" See, also, *O'Brien v. Fricke*, 148 Neb. 369, 27 N.W.2d 403 (1947); *Krelle v. Bowen*, 128 Neb. 418, 259 N.W. 48 (1935); *Chitwood Packing Co. v. Warner*, 138 Neb. 800, 295 N.W. 882 (1941); *Donahoo v. Home of the Good Shepherd of Omaha, Inc.*, 193 Neb. 586, 228 N.W.2d 287 (1975). In the case at bar, the court not only had the opportunity to observe the witnesses and their manner of testifying but also, upon the stipulation of the parties, the trial court made a personal inspection of the subject premises.

Further, in *Sechovec v. Harms*, 187 Neb. 70, 72, 187 N.W.2d 296, 297 (1971), this court held: "[W]here a court of equity has properly acquired jurisdiction in a suit for equitable relief, it will make a complete adjudication of all matters properly presented and

involved in the case and ordinarily will grant such relief, legal or equitable, as may be required and thus avoid unnecessary litigation." See, also, *Muff v. Mahloch Farms Co., Inc.*, 184 Neb. 286, 167 N.W.2d 73 (1969); *Ready Sand & Gravel Co. v. Cornett*, 184 Neb. 726, 171 N.W.2d 775 (1969).

The judgment of the District Court should be, and hereby is, affirmed.

AFFIRMED.